**Al T. YOUNG, Appellant,**

v.

**Robert A. RIDDELL, District Director of Internal Revenue, Appellee.**

**No. 16752.**

United States Court of Appeals
Ninth Circuit.

Nov. 19, 1960.

George T. Altman, Beverly Hills, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, John J. Pajak, Attorneys, Department of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and BOLDT, District Judge.

BOLDT, District Judge.

This appeal involves a suit for refund of certain federal excise taxes assessed against a partnership, doing business as the "Riviera Room," for periods ending in 1952 and 1953. The partnership was formed in February, 1952 and continued to do business as the "Riviera Room" until adjudicated bankrupt on August 6, 1953. By this action appellant seeks refund to the extent said taxes, together with interest and penalties thereon, were assessed against and paid by him individually. Jurisdiction was conferred on the district court by 28 U.S.C. § 1340 and on this court by 28 U.S.C. § 1291.

The district court affirmed the Commissioner in finding that appellant was a secret or dormant general partner in the Riviera Room in 1952 and 1953, and in holding appellant personally liable for the tax assessments against the partnership. A finding of the district court recites that appellant failed to sustain the burden of proving he was not a secret or dormant partner in the Riviera Room and thereby liable for the partnership taxes, together with interest and penalties.

Appellant contends that the district court erred (1) in finding under the evidence that in fact appellant was a secret or dormant partner; (2) in placing the burden of proof upon the appellant; and (3) in holding appellant liable for interest and penalties for nonpayment of the assessed partnership taxes for the period after the bankruptcy adjudication of the partnership.

■ When reviewed and considered as a whole, the record discloses ample evidence to support the district court's finding that appellant was a secret or dormant partner. Reasonable inferences to that effect readily can be drawn from the testimony of the admitted partners and that of the witness Desmond concerning the formation of the partnership and the conduct and management of the partnership business.

The district court made no finding of fraud or illegality as a basis for or in support of its finding as to the existence of the partnership relationship. Therefore, the rule of the cases cited by appellant providing that the government has the burden of proving fraud is not applicable. Moreover, when the findings are viewed as a whole it clearly appears therefrom that the district court found the fact of the existence of the partnership relationship established by a preponderance of the evidence. In the circumstances appellant's contention based on the formal recital of the findings at most is academic and does not support or require reversal.

■■ Having been found a general member of the partnership, appellant is personally liable for the debts and liabilities of the partnership, including its tax liability, even though his status as a partner was not discovered or formally noted in tax records until after termination of the partnership. The bankruptcy discharge of the partnership entity did not affect the individual liability of the partners, or that of appellant who personally has not been adjudicated bankrupt. Section 5, sub. j of the Bankruptcy Act, c. 541, 30 Stat. 544, as amended by Section 5, Act of June 22, 1938, c. 575, 52 Stat. 845 (11 U.S.C.A. § 23, sub. j) provides that "The discharge of a partnership shall not discharge the individual general partners thereof from the partnership debts."

■ The individual liability of appellant for payment of the partnership taxes continued until the taxes were paid or

otherwise discharged as to appellant. It necessarily follows that appellant also is liable for interest and penalties imposed by law for failure of timely payment of the taxes, whether accruing before or after the partnership bankruptcy.