**BRANDT & BRANDT PRINTERS, INC.**

v.

**The UNITED STATES.**

No. 492–59.

United States Court of Claims.
March 7, 1962.

Henry Cassorte Smith, New York City, for plaintiff.

Cynthia Holcomb, Washington, D. C., with whom was Asst. Atty. Gen. Louis F. Oberdorfer, for defendant. Edward S. Smith, Philip R. Miller and Joel N. Simon, Washington, D. C., were on the brief.

JONES, Chief Judge.

The firm of Brandt & Brandt Printers, Inc., of New York, seeks recovery of employees' withholding taxes which plaintiff asserts were illegally collected for three quarters of the year 1953 and the first quarter of 1954.[1]

The taxes were collected from plaintiff upon the ground that plaintiff was a partner in the operation of one William Friedman, who during the period involved was conducting a business under the trade name of Faultless Press. The latter firm had incurred the liability.

On March 23, 1954, an involuntary petition in bankruptcy was filed against William Friedman in the United States District Court for the Southern District of New York. In this proceeding plaintiff claimed to be a creditor of the bankrupt to the extent of some $41,000 for machinery, equipment, and supplies which it alleged were furnished Faultless Press during the period between December 1941 and March 23, 1954.

The primary basis of plaintiff's claim in the instant case is that plaintiff was a creditor rather than a partner in the operation of Faultless Press. Defendant asserts that this exact issue was litigated in the bankruptcy proceedings and decided adversely to plaintiff and that plaintiff is collaterally estopped from relitigating the same issue in this proceeding.

The Receiver in the bankruptcy proceedings took possession of the property of the bankrupt Friedman on March 24, 1954, operated the business until April 30, 1954, then recommended to the court the sale of the machinery, equipment, and supplies of the bankrupt at public auction.

Brandt & Brandt Printers, Inc., claimed title to much of the machinery, equip-

1. Prior to March 29, 1946, the date of the incorporation, plaintiff's business had been conducted as a partnership under the firm name of Brandt & Brandt.

ment, and supplies under an agreement made under date of December 6, 1941, by the terms of which the company and its predecessor partnership of the same name had delivered such machinery, equipment, and numerous articles and supplies listed as Schedule A in the bankruptcy proceedings.

The Receiver took the position that the machinery, equipment, and supplies were delivered to Faultless Press for the purpose of conducting a joint venture in the printing business and that Brandt & Brandt became, in legal effect, a partner in such business.

The plaintiff claimed a lien on certain printing machinery and equipment under a chattel mortgage dated February 11, 1952, reciting an indebtedness of Faultless Press to plaintiff in the sum of $21,063.79. The plaintiff claimed to have furnished additional items and supplies making a total indebtedness of some $41,000.

The Receiver regarded the mortgage as void and held that plaintiff and Friedman were operating a joint venture. He recommended that an order be issued authorizing and directing him to sell the assets of the bankrupt free and clear of all liens (except certain liens held by others on three printing presses not involved here).

Upon protest by plaintiff, hearings were held and, after the evidence had been submitted, the Referee made a finding that plaintiff had been engaged as a copartner in the operation of Faultless Press and entered an order to that effect. The United States District Court confirmed the order declaring that the mortgage "is void as against the Trustee;" that the property claimed by the plaintiff is the joint property of plaintiff and William Friedman; that the Trustee "is entitled to possession thereof," and that it is subject to disposition by the Trustee. The court reserved for later determination the disposition of the proceeds.

After approval by the District Court, the case was duly appealed to the United States Court of Appeals, Second Circuit, which court, on February 14, 1955, approved the Referee's finding that because of a sharing of the profits and other facts a partnership existed as a matter of law, and that the chattel mortgage was void. The Court of Appeals held, however, that by the terms of section 5, subdivisions a and i of the Bankruptcy Act, 11 U.S. C.A. § 23, subs. a and i, (52 Stat. 845, 846) pertinent parts of which are set out in the footnote,[2] where one or more but not all of the partners are adjudged bankrupt, that the bankruptcy court has no power without appellant's (plaintiff's) consent to administer the partnership assets, that the non-bankrupt partner or partners should settle the partnership business as rapidly as practicable and account for the interest of the partner or partners adjudged to be bankrupt. The Court of Appeals further held that the partnership as such had not been adjudged a bankrupt; "that the partnership assets (or the cash proceeds of the sale of those assets) must be turned over to the appellant" (plaintiff) to settle as expeditiously as possible and, after paying partnership liabilities, to account to the Trustee for any amount due the Friedman estate under section 71 of the New York Partnership Law, McKinney's Consol.Laws, c. 39. The case was remanded for the latter purpose, but affirmed as to the existence of a partnership. Brandt & Brandt Printers v. Klein, 220 F.2d 935 (2d Cir. 1955).

2. "(a.) A partnership * * * may be adjudged a bankrupt either separately or jointly with one or more or all of its general partners.

"(i.) * * * In the event of one or more but not all of the general partners of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the general partner or partners not adjudged bankrupt: but such general partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit and account for the interest of the general partner or partners adjudged bankrupt."

The case was remanded for the purposes indicated, and an order was entered directing that the partnership assets, amounting to $40,002.50,[3] be turned over to the appellant (plaintiff) for settlement. Further proceedings in connection with the Referee's order are set out in In re Friedman, 232 F.2d 151 (2d Cir. 1956).

Among the debts paid by the plaintiff out of its fund were the unpaid withholding taxes of Faultless Press for parts of 1953 and 1954 in the sum of $9,377.51, plus interest and penalties thereon, which brought the total collected to $11,421.46.

The plaintiff insists that the Brandt & Brandt firm was at no time a partner with Faultless Press, that this court should so hold and should grant plaintiff judgment for the recovery of the amount it had been required to pay in satisfaction of the withholding tax obligation, including interest and penalties, of Friedman as the owner and operator of Faultless Press.

■ The defendant insists that since by virtue of the decision of the Referee in Bankruptcy the appellant (plaintiff) had been held a partner of William Friedman in the business of Faultless Press, which decision had been confirmed by the United States District Court, and approved by the Court of Appeals, the doctrine of collateral estoppel precludes a reconsideration of the merits of that issue and that taxpayer was liable for the unpaid withholding taxes at least to the extent of the partnership assets it received.

We agree. That issue has been raised, litigated, and determined adversely to plaintiff by regular courts of competent jurisdiction. Lawlor v. National Screen Service, 349 U.S. 322, 326, 75 S. Ct. 865, 99 L.Ed. 1122 (1955); Southern Pacific Railroad v. United States, 168 U.S. 1, 48–49, 18 S.Ct. 18, 42 L.Ed. 355 (1897); Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938). If issues properly raised and determined were to be continuously relitigated such renewal would result in endless litigation.

Plaintiff pleads in the alternative that it is entitled to any interest and penalty accruing after the filing of the petition in bankruptcy. It cites City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949); Sword Line v. Industrial Commissioner, 212 F.2d 865 (2d Cir. 1954); National Foundry Co. of N. Y. v. Director of Internal Revenue, 229 F.2d 149 (2d Cir. 1956). It further asserts the defendant is not entitled to such interest during bankruptcy proceedings even though the lien is perfected before bankruptcy. In re Kerber Packing Company, 276 F.2d 245 (7th Cir. 1960).

Section 5 sub. i of the Bankruptcy Act, 11 U.S.C.A. § 23, sub. i, permits a nonbankrupt partner to administer the partnership property and wind up its affairs.

Defendant objects to the alternative allowance on two grounds: (1) that the estate was not administered by the bankruptcy court, and (2) that the interest and penalties were not included in the claim for refund filed by plaintiff.

■ The first objection is apparently correct for the period after the assets were turned back to plaintiff under order of the Court of Appeals on December 14, 1955, but this objection should not be held to apply to the period between March 24, 1954, when the Referee took possession of the assets of Faultless Press, and December 14, 1955. Certainly, during that period the bankruptcy court had possession and control of the assets and plaintiff could not have paid the withholding taxes out of such assets had it desired to do so. Both sides are agreed that interest and penalties do not continue to accumulate after the filing of a petition in bankruptcy. Such a continuance would not be fair to other creditors and is forbidden by statute.

As to the other objection, the plaintiff filed a timely claim for a refund of the withholding taxes. The defendant collected not only the principal amount of

3. Exhibit 9.

the withholding taxes but the interest and penalties for the period during which the defendant had complete control of the assets. The purpose of a specific claim for refund is to give the Internal Revenue Service notice of the nature of the claim. The defendant in this instance not only knew of the nature of the claim, but had levied an assessment of interest and penalties and had attached the assets of the Faultless Press which had been deposited in the Chemical Corn Exchange Bank, after they had been assigned to plaintiff by order of the court. The notice to the bank of the levy in effect directed the bank to remit the sum of $11,421.46 from such funds. This amount covered the principal, interest, and penalties. If the officials of the Internal Revenue Service did not know what it was all about in these circumstances they were treading nearer to the border of "dumbness" than we think they ever approach.

Permission is granted plaintiff to file its first amended petition, the issues which it raises having been briefed and argued by counsel.

The facts in this case are established by exhibits and affidavits and are not in dispute. The dispute is as to the legal effect of the admitted facts.

The defendant's motion for summary judgment is granted in part, but is denied as to any interest and penalties that may have been exacted for the period between March 24, 1954, and December 14, 1955, but defendant's motion is granted as to the principal of the levy and as to interest and penalties that were exacted before and after such dates.

Plaintiff is entitled to recover any interest and penalties that were accumulated and exacted for the period between March 24, 1954, and December 14, 1955, during which time the assets were taken by order out of the hands of plaintiff and were under complete supervision and control of the bankruptcy court. To hold otherwise would permit the defendant to take advantage of its own error in taking charge of the assets of the partnership on March 24, 1954.

Judgment will be entered to this effect, with the amount of recovery by plaintiff to be determined by further proceedings pursuant to Rule 38(c) of the Rules of this court, 28 U.S.C.A.

It is so ordered.

DURFEE, LARAMORE and WHITAKER, Judges, concur.