**Harry W. BAILY**

v.

**UNITED STATES of America.**

**Civ. A. No. 71-1113.**

United States District Court, E. D. Pennsylvania.

Oct. 27, 1972.

P. J. Wiesner, and Herbert Odell, Philadelphia, Pa., for plaintiff.

Michael vonMandle, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

TROUTMAN, District Judge.

Plaintiff, taxpayer, filed this action, seeking a refund of $11,951.84 which was in plaintiff's bank account and levied upon by defendant for failure to pay the federal withholding taxes allegedly owed by the Lakewood Summer Playhouse in Tamaqua, Pennsylvania. The relevant facts are as follows: In 1965, plaintiff advanced to one Charles W. Hall, Jr. [Hall] $19,197.56 to help finance said theater, which went out of business in the same year. On January 3, 1966, an Employer's Quarterly Tax Return was filed for the third quarter of 1965, indicating a tax due in the amount of $9,033.05. Whereas no payment of the amount owed accompanied the form, the District Director of Internal Revenue assessed the above amount together with penalties and interest

against Hall and plaintiff, jointly and severally, as partners in the playhouse. The assessments were made on January 20, 1966, pursuant to 26 U.S.C. §§ 3401–3403 and § 3102.

On February 4, 1966, plaintiff sued Hall in assumpsit in the Court of Common Pleas of Schuylkill County, Pennsylvania, seeking recovery of the amount of money he allegedly loaned to Hall for the establishment of the playhouse. In his answer, Hall denied liability on the ground that he and plaintiff had entered into a partnership agreement regarding the playhouse. Following a trial on the merits, the jury returned a verdict in favor of defendant on April 17, 1968. On November 20, 1968, upon failure to obtain voluntary payment, the Internal Revenue Service issued a Notice of Levy on plaintiff's bank account in the amount of the tax assessed, penalty and interest. Thereafter, plaintiff filed a claim for refund, which was ultimately disallowed by the District Director on October 30, 1970. This suit followed, alleging that the collection was illegal on the ground plaintiff was neither a partner nor a responsible person with respect to the playhouse enterprise.

Before the Court is defendant's motion for summary judgment on the ground of collateral estoppel. Ordinarily, the question whether plaintiff's degree of involvement in the playhouse enterprise constituted a partnership would give rise to genuine issues of material fact, thereby precluding summary judgment under Rule 56. Here, however, it is defendant's argument that the State court verdict conclusively determined that plaintiff was a partner in the enterprise and plaintiff is, therefore, collaterally estopped from relitigating the issue in this Court.

It is apparently not disputed that if plaintiff was a partner in the playhouse, the tax was properly assessed and collected. Under the Internal Revenue Code of 1954, an employer is required to deduct withholding taxes from wages, 26 U.S.C. § 3402, and is liable for the pay-

ment of taxes required to be deducted and withheld. 26 U.S.C. § 3403. An employer is defined in 26 U.S.C. § 3401(d) as "the person for whom an individual performs or performed any service, of whatever nature * * *". See also 26 C.F.R. § 301.3401(d)–1. The term "person" when used in Title 26 is to be "construed to mean and include an individual, a trust, estate, *partnership*, association, company or corporation. 26 U.S.C. § 7701(a)(1); 26 CFR § 301.7701–1. Under the facts of the instant case, the playhouse was an employer within the meaning of the Code, and, if it is determined that the playhouse was a partnership, the partners, jointly and severally, would be liable for the taxes due. Thus, the sole issue in the instant case is whether the playhouse was a sole proprietorship operated solely by Hall or whether it was a partnership involving both plaintiff and Hall.

Moreover, plaintiff apparently does not dispute the fact that even if he were an inactive partner, merely financing the operation in return for a share of the partnership profits without actively managing the enterprise on a day-to-day basis, he would, nevertheless, be liable for tax obligations accrued. See Calvey v. United States, 448 F.2d 177, 180 (6th Cir. 1971); Filesi v. United States, 352 F.2d 339 (4th Cir. 1965); Young v. Riddell, 283 F.2d 909 (9th Cir. 1960). What is disputed, however, is the effect of the State court verdict on plaintiff's status for the purpose of federal tax liability.

In the instant case, defendant, a nonparty to the State court action, is asserting the doctrine of collateral estoppel defensively to preclude the relitigation of the partnership issue. Defendant argues that plaintiff's status as a partner for the purpose of federal tax liability was conclusively determined by the Common Pleas verdict. Plaintiff, on the other hand, argues that the doctrine of collateral estoppel is inapplicable in this action on essentially three grounds: (1)

the requirement that the issues in both actions be identical is lacking; (2) the requirement of mutuality is lacking; and (3) the issue of partnership in this case is governed by federal rather than state law.

### A. *Identity of Issues*

■ In Comm'r v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948), the Supreme Court held that the principles of res judicata and collateral estoppel were applicable in federal tax litigation. In so doing, however, the Court confined the applicability of collateral estoppel to "situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." 333 U.S. at 599–600, 68 S.Ct. at 720. The apparent rationale of the Court in so restricting these doctrines in tax matters was its concern that since each tax year gives rise to a new tax liability, the doctrine might be unfairly asserted in situations where the factual circumstances or the law has changed over successive years. The Court, however, continued, stating:

> "Of course, where a question of fact essential to the judgment is actually litigated and determined in the first tax proceeding, the parties are bound by that determination, in a subsequent proceeding even though the cause of action is different." 333 U.S. at 601, 68 S.Ct. at 721.

It is plaintiff's contention that "the matter raised in the second suit is not identical in all respects with that decided in the first proceeding."

Plaintiff asserts that the first action was a State court assumpsit action to recover money loaned to Hall under an oral contract, while the second action is a tax action, to recover funds erroneously assessed and collected. We have no difficulty in discerning that there are two separate and distinct causes of action involved, thereby precluding the application of res judicata to bar the second suit. The issue decided in the State

court action and the issue involved in this action are exactly the same—whether plaintiff was a partner in the playhouse enterprise. Moreover, the period of time involved in both suits is identical, thereby complying with the time limitations established in *Sunnen*. In his State court action, plaintiff sought recovery of money loaned in 1965. In 1965, the playhouse went out of business. The commissioner assessed and collected for taxes owed in 1965, and it is this money which is now in dispute. Thus, since the issue and time period are identical in both actions, we conclude that *Sunnen* does not bar the application of collateral estoppel in this case.

Plaintiff, however, further contends that the only issue in the State court case was whether he loaned money to Hall. He further argues that the fact that the jury found in favor of Hall merely indicates that he failed to meet his burden of proof. Even if the jury verdict constituted a finding of partnership, plaintiff continues, this determination was not "necessary and essential to the judgment", 1B Moore, Federal Practice, ¶ 0.443[1] at p. 3901 (2d Ed.), and must be disregarded in this suit as surplusage. We find this argument without merit. Hall's answer to the State court complaint denied that he accepted plaintiff's advance as a loan, asserting that the advance was made pursuant to an oral partnership agreement, thereby placing the alleged partnership squarely in issue. The Court, in its charge, explicitly presented the partnership issue to the jury for its determination, stating:

> "We are only concerned as to whether or not you believe from the testimony that there was a partnership. If there was a partnership between the plaintiff and the defendant, whether or not then the defendant would be entitled to a verdict in his favor. Now, if from the testimony, you are satisfied by the fair weight and preponderance of the evidence that the plaintiff, Doctor Baily, did, in fact, lend or advance money to this defend-

ant with the understanding that he would be repaid that sum of money in full by the defendant at the conclusion of the Summer Theater season in 1965, then in that case you would find a verdict for the plaintiff". N.T. 99.

Following a review of the testimony, the Court concluded:

"So that as I have earlier indicated, all of the testimony introduced here was not to determine the amount of money involved but to have you determine from the issues, from the testimony rather, whether or not there was, in fact, a partnership agreement or a simple loan transaction in which the plaintiff loaned money to the defendant with the promise on the part of defendant to return the money at the end of the season. If there was a loan, if the loan was made to the defendant, if it was to be repaid at the end of the season . . . and if you believe that and you are satisfied by the weight and fair preponderance of the evidence that that is so, then you would find a verdict in favor of the plaintiff in the amount of money claimed. On the other hand, as I have already told you, if you believe this was, in fact, a partnership, then you would find a verdict in favor of the defendant." N.T. 106.

From the posture of the case at the time of the charge, it was clear a sum certain was advanced to Hall, and the sole question presented to that jury was whether the money was advanced as a loan or under a partnership agreement. We, therefore, conclude that the issue in both cases is identical and that issue was raised, litigated and determined adversely to plaintiff by a court of competent jurisdiction. Brandt & Brandt Printers, Inc. v. United States, 300 F.2d 457, 156 Ct.Cl. 582 (1962).

## B. *Mutuality*

■ Secondly, plaintiff argues since defendant was not a party to the State court litigation and is not bound by the judgment recorded therein, mutuality is lacking, thereby precluding the defensive assertion of collateral estoppel in this case. Since this action is not a diversity case, we are bound to apply the federal rules of collateral estoppel. The Third Circuit has adopted a rather expanded view regarding the application of collateral estoppel and has, in many situations, dispensed with the requirement of mutuality. Lynne Carol Fashions, Inc. v. Cranston Print Works Co., Inc., 453 F.2d 1177 (3d Cir. 1972); Provident Tradesmen's Bank & Trust Co. v. Lumbermen's Mutual Cas. Co., 411 F.2d 88 (3d Cir. 1969); Bruszewski v. United States, 181 F.2d 419 (3d Cir.), cert. denied 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950). Since plaintiff has had a "full and fair opportunity to try the factual issue" presently before this Court, we conclude that no significant harm would result by the invocation of collateral estoppel, absent mutuality.

## C. *Choice of Law*

■ Thirdly, plaintiff argues that the status of a taxpayer for federal tax purposes is a question of federal rather than state law, and since this is so, plaintiff's status must be relitigated in this Court. Under the Treasury Regulations on Employment Taxes, local law is determinative of legal relations established between members of an organization. 26 CFR § 301.7701–1(c) provides in pertinent part:

"(c) *Effect of local law.* . . . Similarly, the term 'partnership' is not limited to the common-law meaning of partnership but is broader in scope and includes groups not commonly called partnerships. . . . Although it is the Internal Revenue Code rather than local law which establishes the tests or standards which will be applied in determining the classification in which an organization belongs, local law governs in determining whether legal relations which have been established in the formation of an organization are such that the

**1210**

standards are met. Thus, it is local law which must be applied in determining such matters as the legal relationships of the members of the organization among themselves and with the public at large, and the interests of the members of the organization in its assets. . . ."

In the instant case, the business relationship between plaintiff and Hall has been determined in a court of competent jurisdiction. The commissioner properly awaited the determination of this matter prior to collecting the overdue taxes, and the mere fact that the commissioner was not bound by this prior adjudication is of no consequence.

In conclusion, plaintiff has had a full and fair opportunity to litigate the partnership issue in the State court, where it was raised and decided adversely to plaintiff. This instant suit involves the identical issue, the identical operative facts, and the identical time period. We find no significant harm or unfairness resulting to plaintiff in precluding him from relitigating the issue in this Court. On the other hand, to compel the government to relitigate the issue would result in a significant waste of time, expenses, and manpower not only on behalf of the government, but also on behalf of the Court. We, therefore, conclude that the doctrine of collateral estoppel must be applied in this case to preclude plaintiff from relitigating the partnership issue in this Court. Since he has previously been found to be a partner in the theater enterprise, plaintiff is a "person" within the meaning of 26 U.S.C. § 7701 and an "employer" within the meaning of 26 U.S.C. § 3401. He was, therefore, required to withhold the tax on the employee's wages and is liable for its non-payment. 26 U.S.C. §§ 3402, 3403. Since this is true, defendant's assessment and collection of the delinquent taxes from plaintiff's bank account was not "erroneous and illegal". Defendant's motion for summary judgment is sound and will be granted.