**In the Matter of Jack R. MONTGOMERY, doing business as M R Enterprises, a co-partnership, Delores I. Montgomery, Bankrupts.**

**Curtis B. DANNING, Trustee, Appellant,**

v.

**UNITED STATES of America, Claimant-Appellee.**

Nos. 75–2442, 75–2443.

United States Court of Appeals, Ninth Circuit.

March 18, 1976.

Gary J. Miller (argued), Sherman Oaks, Cal., for appellant.

Karl Schmeidler, Atty., Dept. of Justice (argued), Washington, D. C., for claimant-appellee.

## OPINION

Before CHAMBERS and CHOY, Circuit Judges, and EAST,* Senior District Judge.

EAST, Senior District Judge:

The Bankruptcy Judge held that the tax claim of the United States (Government) against the members of a bankrupt partnership was subordinated by 11 U.S.C. § 23(g) to the claims of individual creditors of the individual Bankrupts. The District Court reversed, deciding that the Government was an individual creditor and its tax claim held priority under 11 U.S.C. § 104(a)(4). The Trustee appeals and we reverse.

Jack R. Montgomery and one Carlos Rivera were general co-partners operating under the name of "M R Enterprises." The co-partnership was indebted to, among other creditors, the Government for unpaid employees' withholding, unemployment and insurance contribution taxes in an amount of some $17,000. The co-partners ultimately became irretrievably insolvent. However, no petitions for bankruptcy were ever filed. The Government never qualified as a tax lien creditor.

Thereafter the above-named Bankrupts filed individual petitions in bankruptcy. The Government made claim for the unpaid co-partnership taxes. The Trustee's rejection of the tax claim was supported by the Bankruptcy Judge.

The District Court on review relied in part upon the decision in *Rochelle v. United States*, 371 F.Supp. 224 (N.D.Tex.1973), and did not have the advantage of the subsequent clarifying decision in *Rochelle v. United States*, 521 F.2d 844 (5th Cir. 1975).

 In the broad sense, the general partners are individually liable on the tax obligation. *Young v. Riddell*, 283 F.2d 909, 910 (9th Cir. 1960). However, we agree with the rationale of *Rochelle*, at 850, to the effect that the "individual debts" under § 23(g) referred to personally incurred indebtedness of a partner and not to those derivatively imposed as a result of general partnership obligations. Otherwise, the thrust of § 23(g) would be rendered meaningless because the personal liability of the general partner for the debts of the partnership would be indistinguishable from the personal liability arising from the partner's individual debts. Indeed, if a distinction as to the nature of the indebtedness is not made, then § 23(g) would be totally without meaning because partnership creditors such as the Government in the present case could always invoke the general rule that a general partner is personally liable for the debts of the partnership and *ipso facto* claim that they, too, were individual creditors of the Bankrupt and as such, were entitled to share in the distribution of the Bankrupt's individual assets. Such a nullification of § 23(g) is the end result of the District Court's order which is the subject of the instant appeal. *See Schall v. Camors*, 251 U.S. 239, 254–55, 40 S.Ct. 135, 138, 64 L.Ed. 247, 254 (1920), wherein the court stated that "Section 5 of the Bankruptcy Act . . . establishes on a firm basis the respective equities of the individual and firm creditors. Hence the distinction between individual and firm debts is a matter of substance . . . .". *See also In re Hurley Mercantile Co.*, 56 F.2d 1023, at 1025 (5th Cir. 1932).

We adopt the ruling of *Rochelle*, at 846, that the tax "claim of the United States against the estate of the [Bankrupts], based upon the partnership obligation, is subordinated by § 5g [§ 23(g)] to the claims of creditors of the [Bankrupts in their individual capacities]."

The Government's reliance upon *Lewis v. United States*, 92 U.S. 618, 23 L.Ed. 513 (1876), for the proposition that § 23(g) "does not apply or affect the rights of the United States" is misplaced. The decision in *Lewis* was based upon a predecessor statute to 31 U.S.C. § 191 which has no applicability in a pure bankruptcy proceeding. *See United*

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

*States v. Sampsell*, 153 F.2d 731, 734 (9th Cir. 1946).

The District Court's order of May 7, 1975, reversing is vacated and the cause remanded for the affirmance of the Bankruptcy Judge's order entered on September 18, 1974.

ORDER VACATED AND CAUSE REMANDED.