[redacted]

**In re Abel Cosmo GALLETTI, aka Al Galletti, and Sarah Galletti, Debtors.**

**United States of America, on behalf of its agency, the Internal Revenue Service, Appellant,**

**v.**

**Abel Cosmo Galletti; Sarah Galletti, Appellees.**

**In re Francesco Briguglio, aka Frank Briguglio, and Angela Briguglio, aka Angie Briguglio, Debtors.**

**United States of America, Appellant,**

**v.**

**Francesco Briguglio, aka Frank Briguglio; Angela Briguglio, aka Angie Briguglio, Appellees.**

**Nos. 01-55953, 01-55954.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2002.

Filed Aug. 8, 2002.

Amended Nov. 20, 2002.

[redacted]

[redacted]

Thomas J. Clark and Andrea R. Tebbets, Tax Div, DOJ, Washington, DC, for appellant.

* The Honorable Susan R. Bolton, United States District Court for the District of Arizona, sitting by designation.

Mark R. Campbell, Haberbush & Campbell, LLP, Long Beach, CA, for appellees.

Before KLEINFELD and GRABER, Circuit Judges, and BOLTON,* District Judge.

## ORDER AND AMENDED OPINION

### ORDER

The opinion filed August 8, 2002, 298 F. 3d 1107, is amended as follows:

On slip opinion page 11556, just before the summary paragraph, add the following two paragraphs:

In its petition for rehearing, the IRS asserts that the Seventh Circuit has held that the IRS can bring suit against individual partners, and obtain a judgment against them, for as long as the tax obligations remain a valid debt of the partnership, citing *United States v. Wright*, 57 F.3d 561 (7th Cir.1995). *Wright* is distinguishable because, in that case, the IRS had assessed both the partnership (Empire Wood Company) *and* the individual partners. *United States v. Wright*, 868 F.Supp. 1070, 1071 & n. 1 (S.D.Ind.1994). Those assessments extended to six years the statute of limitations with respect to both the partnership and the partners. By contrast, here, no assessment was made against the individual partners.

Subsequently, the Empire Wood partnership filed for bankruptcy protection and entered a period of reorganization, thus tolling of the statute of limitations as to the partnership. *Wright*, 57 F.3d at 562. *See* 26 U.S.C. § 6503(h) (tolling the statute of limitations during the period in which the Bankruptcy Code prohibits the government from pursuing a collection action). More than six years after the initial tax assessment but before the end of the limitations period applicable to the partnership, the IRS brought an action against the individual partners to collect the unpaid taxes. *Wright*, 57 F.3d at 562–63. The partners argued that, although an action against the partnership would have been timely, the statute of limitations had expired as to them because it had not been tolled during the period of the partnership's bankruptcy. *Id.* Accordingly, the only relevant question in *Wright* was whether the statute of limitations applicable to the partners should be tolled while the limitations period was tolled with respect to the partnership. The Seventh Circuit therefore had no opportunity to address the question before us.

With this amendment, the panel has voted to deny the petition for rehearing. Judges Kleinfeld and Graber have voted to deny the petition for rehearing en banc, and Judge Bolton has so recommended.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on it.

The petition for rehearing and petition for rehearing en banc are DENIED. No further petitions for rehearing or rehearing en banc may be filed.

## OPINION

GRABER, Circuit Judge.

Debtors Abel Cosmo Galletti, Sarah Galletti, Francesco Briguglio, and Angela Briguglio filed Chapter 13 bankruptcy petitions. The United States Internal Revenue Service (IRS) filed proofs of claim against Debtors for unpaid employment taxes assessed against a partnership in which Debtors were general partners. The bankruptcy court disallowed the IRS's claims, and the district court affirmed. We also affirm. The IRS's claims were properly disallowed because (1) the IRS cannot collect a partnership's tax deficiency directly from the partners without first making individualized assessments against the partners or obtaining judgments against the partners holding them jointly and severally liable for the partnership's tax debts; and (2) the statute of limitations now bars the IRS from making such individual assessments or obtaining such judgments.

## FACTUAL AND PROCEDURAL BACKGROUND

Debtors were general partners of Marina Cabrillo Partners (the Partnership). From 1992 to 1995, the Partnership failed to pay the requisite amount of federal employment taxes, prompting the IRS to assess those unpaid taxes against the Partnership in 1994, 1995, and 1996.

On October 20, 1999, Debtors Abel and Sarah Galletti filed a joint petition for relief under Chapter 13 of the Bankruptcy Code. Debtors Francesco and Angela Briguglio filed a joint petition under Chapter 13 on February 4, 2000. In the course of those bankruptcy proceedings, the IRS filed proofs of claim against all Debtors for the unpaid taxes that the IRS had assessed against the Partnership. Debtors objected to the claims on the ground that the IRS had assessed only the Partnership and not the individual partners and that the statute of limitations for assessment

had run. The IRS conceded that it had not assessed Debtors within the usual three-year limit, 26 U.S.C. § 6501, but argued that its timely assessments against the Partnership extended the time for collection of the taxes from Debtors, 26 U.S.C. § 6502(a). The bankruptcy court sustained Debtors' objections in two separate orders.

The IRS timely appealed those orders. The district court affirmed, and the IRS filed timely notices of appeal. We consolidated the two appeals.

## STANDARD OF REVIEW

 We review de novo the district court's decision on an appeal from a bankruptcy court. *Neilson v. Chang (In re First T.D. & Inv., Inc.)*, 253 F.3d 520, 526 (9th Cir.2001) (citing *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1084 n. 9 (9th Cir.2000) (en banc)). We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error. *Id.* (citing *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1140 (9th Cir.1998)).

## DISCUSSION

In order to collect unpaid taxes from a taxpayer, the IRS must, within three years after the filing of the taxpayer's return, either assess the tax against the taxpayer or bring an action to collect the tax. 26 U.S.C. § 6501(a). Here the IRS did neither. Nonetheless, it seeks to collect unpaid taxes from Debtors by way of proofs of claim in their bankruptcy proceedings. The IRS offers two theories to justify its filing of these claims against Debtors. First, the IRS argues that its timely assessment of taxes against the Partnership allows it to collect taxes directly from the individual partners even though no separate assessment of tax liability was made against them. Second, the IRS argues that, because California law makes partners jointly and severally liable for the debts of the partnership, the IRS could bring a state-law action against Debtors to collect the tax liability assessed against the Partnership. Neither theory gives rise to an allowable bankruptcy claim in the circumstances of this case.

### A. Assessment of the Partnership

As noted, the IRS may collect tax deficiencies from a taxpayer by making an assessment against the taxpayer within three years of the filing of the taxpayer's return. 26 U.S.C. §§ 6203, 6501(a). By assessing a tax deficiency, the IRS gains advantages in its collection efforts. For example, assessment extends the statute of limitations for a judicial action to collect the tax liability to ten years from the date of the assessment. 26 U.S.C. § 6502(a).[1] Similarly, because a final assessment operates in much the same way as a judgment, the IRS may proceed directly against the assets of a taxpayer whose tax deficiency has been properly assessed. *Id.*[2]

---

1. Title 26 U.S.C. § 6502(a) provides, in relevant part:
 Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
 (1) within 10 years after the assessment of the tax[.]

2. Alternatively, so long as the IRS brings an action to collect the taxes within three years after the taxpayer's return was filed, an assessment is unnecessary. 26 U.S.C. § 6501(a); *Goldston v. United States (In re Goldston)*, 104 F.3d 1198, 1200–01 (10th Cir. 1997). The IRS filed no action to collect taxes, either against the Partnership or against Debtors.

The IRS made a timely assessment against the Partnership for unpaid employment taxes. The IRS argues that Debtors, as partners, are not separate "taxpayers" within the meaning of the statutory provisions governing assessment and collection of taxes. It follows, says the IRS, that the timely assessment against the Partnership allows the IRS to collect taxes directly from the individual partners. We are not persuaded.

### 1. *Statutory Provisions*

Section 6203 of the Internal Revenue Code provides that an "assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." 26 U.S.C. § 6203. As defined under the code, a "taxpayer" is "any person subject to any internal revenue tax," and a "person" includes "an individual, a trust, estate, partnership, association, company or corporation." 26 U.S.C. § 7701(a)(14), (a)(1).

■ As noted, an "individual" is included in the statutory definitions of "person" and "taxpayer" in § 7701 and, by extension, in §§ 6203 and 6501. An "individual" can be a partner but is distinct from a "partnership." The regulation interpreting § 6203 provides that a valid assessment "shall provide identification of *the taxpayer*." 26 C.F.R. § 301.6203–1 (emphasis added). Section 6502, which governs collection of tax after an assessment has been made, likewise presumes that "the taxpayer" against whom a deficiency has been assessed is the same taxpayer for whom the statute of limitations is extended. In all these statutes, the individual or entity assessed must be a separately identified "taxpayer."

■ The Partnership is a "taxpayer" within the meaning of the statute, but so is each individual Debtor a separate "taxpayer." Each has its, his, or her own taxpayer identification number. Thus, the IRS's failure to assess tax deficiencies against Debtors within the three-year period provided under § 6501(a) bars it from collecting the unpaid debts of the Partnership directly from Debtors. The assessment against the Partnership extended the statute of limitations only with respect to the Partnership, but it left unaltered the limitations period applicable to Debtors. Because the bankruptcy court may disallow claims that are "unenforceable against the debtor and the property of the debtor," 11 U.S.C. § 502(b)(1), the court did not err in sustaining Debtors' objections to the IRS's claims.

### 2. *Case Law*

Although no published Ninth Circuit decision directly addresses the question before us, our precedents weigh against the IRS's position.

The IRS argues that we should follow *Young v. Riddell*, 60–1 U.S. Tax Cas. (CCH) ¶ 9831, at 76,049 (S.D.Cal.1959), *aff'd* 283 F.2d 909 (9th Cir.1960).[3] In that case, the IRS had assessed unpaid taxes against a partnership called the "Riviera Room." *Id.* at 76,054. One of the general partners paid his share of the taxes but later brought an action for a refund. *Id.* at 76,050. The district court held that the partner was not entitled to a refund:

> Where taxes are assessed against a partnership and under state law each member of the partnership is jointly and severally liable for the debts of the partnership, it is unnecessary and superfluous to name the individual partners in

---

**3.** We discuss the district court's opinion in *Young* at some length, to respond to the IRS' contentions and to provide context for our own opinion in *Young*.

the assessment in order to create liability; their liability arises as a matter of state law.

*Id.* at 76,054. Although the government had not made a valid assessment against the partner, the court refused to order a refund because state law made the partner substantively liable for taxes assessed against the partnership.

The district court's holding in *Young* was more limited than the IRS suggests. The court did not hold that the government would have been entitled to *collect* the same tax in the absence of an individual assessment, a judgment against the partner, or a voluntary payment. In fact, other portions of the court's opinion demonstrate that the opposite is true:

> It is the government's contention that where an assessment names an entity such as in the instant case, that it is unnecessary to name the individual members of the entity in order to establish individual liability and that *the only reason for naming such individual or adding such individuals' names as here is to enable collection of the tax without resorting to court action. With this contention I agree* ....

*Id.* at 76,050 (emphasis added). Thus, the court acknowledged that to *collect* the tax for which the partner was liable, the IRS would have had to either resort to court action or individually assess the taxes against the partner. An assessment was unnecessary only because the tax already had been collected. *Id.* at 76,054. The district court's holding, therefore, was much narrower than the IRS acknowledges, namely, that "[a] person liable for taxes *may not recover a refund of taxes* he paid because of the fact the assessment did not name him." *Id.* at 76,054 (emphasis added).

Our affirmance of the district court's decision in *Young* did not reject the dis-

trict court's interpretation. *Young v. Riddell,* 283 F.2d 909 (9th Cir.1960). Only one passage in our opinion lends any support to the IRS's position: "Having been found a general member of the partnership, appellant is personally liable for the debts and liabilities of the partnership, including its tax liability, even though his status as a partner was not discovered or formally noted in tax records until after termination of the partnership." *Id.* at 910. That statement does not aid the IRS, however, as it merely restates the holding of the district court that the partner was not entitled to a refund because he was liable for the debts of the partnership under state law. Nothing in our opinion contradicts the district court's suggestion that the IRS could not have *collected* the tax against the partner had he refused to pay it.

Thus, ultimately our opinion in *Young* supports Debtors' position because their *liability* for the tax assessed against the Partnership is not at issue in this case. To the contrary, Debtors concede that they are liable for the tax but argue only that, in the absence of individual assessments or judgments against them, the IRS is procedurally barred from *collecting* the unpaid taxes from them.

The foregoing limited interpretation of *Young* is buttressed by *United States v. Coson,* 286 F.2d 453 (9th Cir.1961). In that case, the IRS assessed unpaid taxes against a partnership and later claimed a lien against the property of Coson, who allegedly was a general partner. *Id.* at 454. Coson challenged the validity of the lien on a number of grounds, including that the assessment against the partnership did not name him individually. *Id.* at 458; *Coson v. United States,* 169 F.Supp. 671, 675 (S.D.Cal.1958) (The "plaintiff does not seek to contest the correctness of an assessment; instead, he contends there just

never was any assessment of the taxes in question against him.").

The district court, pointing to § 6203 and its implementing regulations, noted that one of the requirements for a valid assessment was that the taxpayer be identified. *Id.* Further, it noted that the assessment at issue named only the partnership and "an unknown number of unidentified taxpayers." *Id.* Relying on the fact that Coson had never been assessed individually, the district court held that the IRS's attempts to collect the unpaid taxes from Coson were improper:

> "[T]his court is of the opinion that such a lien does not exist against a particular individual's property pursuant to § [§ ] 6321 and 6322 unless the underlying tax obligation has been assessed against him under § 6203.
>
> Since plaintiff never was assessed and no lien exists without such an assessment, it follows that the Government does not have any lien."

*Id.* at 676 (footnote omitted).[4]

On appeal, we affirmed. We relied on a different ground than the district court had used, namely, that the lien was procedurally defective for reasons other than the government's failure to timely assess the tax against Coson. *Coson,* 286 F.2d at 458, 462–63. Nonetheless, in a passage that supports Debtors' position in dictum, we noted:

> In holding as we do that the lack of proper notice or demand was fatal to the acquisition of the Government's lien against Coson, the emphasis here is somewhat different than that employed by the trial judge who held that the assessment itself was void as against Coson because the taxes were never as-

sessed to Coson, the record of assessment in the office of the Bureau making no reference whatever to Coson. The Government argues that there is no requirement that an assessment be made against any person. Although our decision as to the lack of proper notice or demand is sufficient to dispose of this case, it would appear that *the trial court was right in holding the assessment was insufficient for failure to comply with the statutory requirements.*

*Id.* at 464 (emphasis added).

In its petition for rehearing, the IRS asserts that the Seventh Circuit has held that the IRS can bring suit against individual partners, and obtain a judgment against them, for as long as the tax obligations remain a valid debt of the partnership, citing *United States v. Wright,* 57 F.3d 561 (7th Cir.1995). *Wright* is distinguishable because, in that case, the IRS had assessed both the partnership (Empire Wood Company) *and* the individual partners. *United States v. Wright,* 868 F.Supp. 1070, 1071 & n. 1 (S.D.Ind.1994). Those assessments extended to six years the statute of limitations with respect to both the partnership and the partners. By contrast, here, no assessment was made against the individual partners.

Subsequently, the Empire Wood partnership filed for bankruptcy protection and entered a period of reorganization, thus tolling of the statute of limitations as to the partnership. *Wright,* 57 F.3d at 562. *See* 26 U.S.C. § 6503(h) (tolling the statute of limitations during the period in which the Bankruptcy Code prohibits the government from pursuing a collection action). More than six years after the initial tax assessment but before the end of the limitations period applicable to the partner-

---

**4.** The IRS attempts to distinguish this case on the ground that Coson was challenging the validity of a lien on his property, while no lien is challenged here. However, the asserted lien was a tax lien, the validity of which depended on an underlying assessment.

ship, the IRS brought an action against the individual partners to collect the unpaid taxes. *Wright*, 57 F.3d at 562–63. The partners argued that, although an action against the partnership would have been timely, the statute of limitations had expired as to them because it had not been tolled during the period of the partnership's bankruptcy. *Id.* Accordingly, the only relevant question in *Wright* was whether the statute of limitations applicable to the partners should be tolled while the limitations period was tolled with respect to the partnership. The Seventh Circuit therefore had no opportunity to address the question before us.

In summary, we hold that the assessment of tax liability against the Partnership, without more, does not allow the IRS to collect those taxes directly from the individual partners.

B. *California Partnership Law*

In an attempt to avoid the time-bar on assessments, the IRS argues in the alternative that it was not required to make individual assessments against Debtors because they are jointly and severally liable for the debts of the Partnership under California law. This argument overreaches under state law.

Superficially, the IRS's argument is logical. The IRS assessed unpaid employment taxes against the Partnership in 1994, 1995, and 1996. Therefore, under federal law, the IRS has a right to bring proceedings against the Partnership to collect those taxes for up to ten years after assessment, in this case until 2004, 2005, and 2006. 26 U.S.C. § 6502(a)(1). Under California law, general partners such as Debtors are "liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law." Cal. Corp.Code § 16306(a); *see also Young*, 283 F.2d at 910 (holding

that, under California law, partners are "personally liable for the debts and liabilities of the partnership, including its tax liability"). Because the assessed employment taxes are a debt of the Partnership that the IRS has a right to collect against it, the IRS asserts that it may bring an action under state law to obtain a judgment holding Debtors responsible for the unpaid taxes. Cal. Corp.Code § 16307(b); *see also Remington v. United States*, 210 F.3d 281, 282–83 (5th Cir.2000) (holding that, under the Texas Uniform Partnership Act, the government was "entitled to collect the ... tax liability, indisputably a partnership debt, from any one of the general partners"); *United States v. W. Prods., Ltd.*, 168 F.Supp.2d 84, 91 (S.D.N.Y.2001) (allowing government to collect withholding taxes from general partner under the New York Partnership Law even though the assessments were made in the name of the partnership); 14 Mertens, The Law of Federal Income Taxation § 55:109 (West 2002) (stating that the government may bring an action to "collect the withholding taxes from one or more general partners under the applicable state partnership laws"). The Bankruptcy Code permits a creditor to make a claim against the estate of a debtor so long as the creditor has a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Such a claim may be disallowed by the bankruptcy court only if it "is unenforceable against the debtor and property of the debtor, under ... applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). The IRS argues that, at the time Debtors' petitions were filed, its state-law claim against Debtors for the tax liability of the Partnership was not unen-

forceable and, therefore, the bankruptcy court erred as a matter of law by disallowing the claim.

 Under California law, however, a creditor may not automatically collect from a general partner a debt that the partnership owes to the creditor. To the contrary, the creditor must first obtain a judgment against the partner holding the partner liable for the partnership's debt: "A judgment against a partnership is not by itself a judgment against a partner. A judgment against a partnership may not be satisfied from a partner's assets unless there is also a judgment against the partner." Cal. Corp.Code § 16307(c); 9 B.E. Witkin, Summary of California Law § 60V (9th ed. Supp.2001) ("[A]lthough a partner need not be named individually in an action against a partnership, the partner must be individually named and served in the action or in a later suit, and judgment entered against that partner, in order to reach the partner's personal assets."). Thus, although under state law each individual partner is *liable* for the debts of the partnership, a claim against the partnership does not automatically give rise to a right to *collect* against the individual partners. Instead, a creditor may collect a debt for which the partner is jointly and severally liable only by first obtaining a judgment against the partner.

The IRS has obtained no judgment against Debtors. The time for doing so has expired. 26 U.S.C. § 6501(a). As we have explained, the assessment extended the statute of limitations only as to the Partnership.

## CONCLUSION

The assessment against the Partnership was not an assessment against the individual partners (Debtors), because they are separate taxpayers. Consequently, the assessment against the Partnership extended the statute of limitations (to ten years from the date of assessment) only for the Partnership; it had no effect on the ordinary three-year statute of limitations for Debtors.

California partnership law does not aid the IRS because, under state law, a creditor may not collect a partnership debt from an individual partner without first obtaining a judgment against the partner. The IRS did not obtain a judgment against Debtors, and it is too late to do so because the applicable statute of limitations was three years.

Thus, the IRS does not have allowable bankruptcy claims under either of its theories. Accordingly, we affirm the bankruptcy court's disallowance of the claims.

AFFIRMED.