### BOGERT v. TURNER et al.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. EVIDENCE (§ 265*)—ADMISSIONS—CONCLUSIVENESS.
    Plaintiff sued for the price of corporate stock sold defendant, and all the evidence showed that the price was $5,000. On plaintiff's cross-examination, she was shown an affidavit which she had made which stated that the price of the stock was $3,000, of which she had been paid $600, but she repudiated the affidavit, saying that she was mistaken when she made it. *Held*, that a judgment for $2,400 was against the evidence.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1030, 1037; Dec. Dig. § 265.*]

2. PARTNERSHIP (§ 210*)—RECEIVERS—ACTIONS—LIABILITY OF RECEIVER.
    A common-law receiver appointed in pursuance of the court's equitable powers to hold the assets of a firm pendente lite and dispose of them as the court shall direct cannot be sued for a partnership debt.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 403; Dec. Dig. § 210.*]

3. PARTNERSHIP (§ 210*)—RECEIVER—APPOINTMENT—EFFECT.
    The appointment of a receiver does not absolve the partners from their partnership debts, nor stay or prevent action against the members of the partnership for the recovery of the debts.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 403; Dec. Dig. § 210.*]

4. PARTNERSHIP (§ 210*)—RECEIVER—COLLECTION OF FIRM DEBTS.
    Where a judgment is obtained against partners and a receiver has been appointed to hold the assets, the judgment cannot be enforced by execution levied on the assets in the hands of the receiver, but the judgment creditor may share in the assets on a proper application to the court.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 403; Dec. Dig. § 210.*]

Appeal from Trial Term, New York County.

Action by Mary E. N. Bogert against William L. Turner, as receiver of the firm of Watson, Noblett & Watson Company, and others. Appeal by the receiver from a judgment in favor of plaintiff and from an order denying a motion for new trial. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Vincent P. Donihee, for appellant.

Martin Conboy, for respondent.

SCOTT, J. The defendant appeals from a judgment in favor of the plaintiff.

The defendant is a receiver of the partnership assets of a copartnership formerly known as Watson, Noblett & Watson Company, appointed in an action for the dissolution of such copartnership. The plaintiff alleges that in July, 1899, before the appointment of defendant as receiver, she sold to the said copartnership certain mining stock at the agreed price of $7,500, of which she was paid only $2,000, leaving due and unpaid the sum of $5,500, with interest, which she seeks to recover. The defendant denied all knowledge of these allegations, and also pleaded the statute of limitations. On the trial evidence was given by plaintiff and one Lewis tending to sustain the allegations of the complaint, and no evidence was given to the contrary, so that on the case as it went to the jury the plaintiff was entitled to recover $5,500, with interest, or nothing. The jury rendered a verdict, however, for $2,400, for which, however, there was no support whatever in the evidence. It appears, however, that upon plaintiff's cross-examination she was confronted with an affidavit previously made by her, in which she had stated that she had sold the stock for $3,000 of which she had been paid $600, leaving $2,400 due to her. This affidavit she repudiated, saying that she was mistaken when she made it. It was obvious that the verdict was based upon this affidavit. It is perfectly clear, therefore, that the jury disbelieved plaintiff's evidence given in support of the claim embraced in her complaint, and rendered the verdict upon an affidavit repudiated by plaintiff and at variance with her evidence. Consequently the verdict was against the evidence.

The case, however, should never have been allowed to go to the jury, for the complaint states no cause of action against the defendant. It recites defendant's appointment as receiver of the assets of the copartnership, and then sets out a cause of action against the copartners which is said to have arisen before the appointment of the receiver. The defendant is what has been called a common-law receiver appointed by the court, in pursuance of its equitable powers, to hold the assets pendente lite, and to dispose of them as the court shall direct. He takes no title to the assets, and stands in the shoes of neither the copartners nor the creditors. The appointment of the receiver does not absolve the copartners from their partnership debts, nor stay or prevent actions against the members of the copartnership for the recovery of such debts. Judgments so obtained cannot, however, be enforced by execution levied on the assets in the hands of the receiver, for they are in custodia legis, but may share in the assets upon a proper application to the court. But in no event can a receiver, appointed as this one was, be sued for a copartnership debt. Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814, 11 L. R. A. 480.

The judgment and order appealed from must therefore be reversed, and, as no change in the pleadings or evidence can establish a cause of action in favor of the plaintiff against the defendant receiver, the complaint will be dismissed as to the defendant receiver, with costs to the appellant in this court and the court below. All concur.