FLINN v. HANBURY (JOHNSTON, Receiver).

(Supreme Court, Appellate Division, Second Department.   May 16, 1913.)

1. RECEIVERS (§ 62*)—APPOINTMENT—REMOVAL—JURISDICTION OF COURT.
     The power to remove a receiver is incident to the power of appointment, and the court appointing a receiver may remove him; but, where a removal is demanded on the ground of incompetency or want of integrity of the receiver, there must be specific charges, sustained by clear and convincing proof.
     [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 109–111; Dec. Dig. § 62.*]

2. PARTNERSHIP (§ 329*)—ACCOUNTING—JUDGMENT—CONCLUSIVENESS.
     The court, in settling the accounts of a firm, may not determine whether a third person, holding property under conveyances made by a partner, holds the same as security for a debt due to her or absolutely, where she is not a party.
     [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 782–786; Dec. Dig. § 329.*]

3. PARTNERSHIP (§ 325*)—RECEIVERS—ACTIONS—LIABILITY.
     A common-law receiver, appointed in pursuance of the court's equitable powers to hold the assets of a firm and dispose of them as the court shall direct, may refuse to sue to set aside a conveyance by a partner until indemnity for the costs and expenses is given, where the cause of action is the sole assets of the firm.
     [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 757–767; Dec. Dig. § 325.*]

4. RECEIVERS (§ 62*)—APPOINTMENT—REMOVAL—RIGHT TO APPEAL.
     A common-law receiver, whose removal is sought on the ground of incompetency or want of integrity, may appeal from an order of removal, especially where it fails to protect him against the expenses which he has incurred.
     [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 109–111; Dec. Dig. § 62.*]

Appeal from Special Term, Kings County.

Action by Thomas F. Flinn against Harry A. Hanbury, in which George Johnston was appointed receiver. From an order directing the removal of the receiver, he appeals. Reversed.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

William H. Good, of Brooklyn, for appellant.
John C. Judge, of Brooklyn, for respondent.

BURR, J. [1] "The power of removal being incident to the power of appointment, the court, whose officer the receiver is, may, in a proper case, direct his removal." Beach on Receivers (Alderson's Edition) 847. But, where removal is sought upon the ground of incompetency or lack of integrity of the receiver, there must be not only specific charges, but the accompanying proof must clearly and convincingly sustain those charges. Farmers' Loan & Trust Co. v. Northern Pacific Railroad Co. (C. C.) 61 Fed. 546.

[2] In the decree settling the partnership account, the fact of the indebtedness of the firm to Helena I. Meht was established, so far

as the parties to this action are concerned, at a sum exceeding $46,-000. But this indebtedness was treated as a partnership debt, and not as an individual liability of Hanbury, and the property, real and personal, used by the firm in the conduct of its business, was treated as a partnership asset, although the title to the real property had been taken in the individual name of Hanbury, and some months before the commencement of this action a deed of conveyance of the greater portion of the real property and a bill of sale of substantially all of the personal property had been made by him to Mrs. Meht. While the judgment entered in this action determines the rights of the partners as between themselves, such judgment did not purport to and could not determine the nature or extent of Mrs. Meht's claims to said property. She had the record title to the greater portion of the realty, and possession of the personalty, and whether she held this as security for the indebtedness due to her or absolutely, and whether her claim was greater or less than that specified in said judgment, could only be determined, so far as she was concerned, in some action or proceeding to which she was a party.

In the affidavit of the attorney for the plaintiff, which is the basis of the motion for the removal of the receiver, the statement is made that it was contemplated by the trial justice who made the judgment in this action that Mrs. Meht should make a deed of the property to the receiver, and also "abrogate and set aside the bill of sale," so that the receiver could come into possession of said real estate and personal property. Whatever may have been contemplated, the judgment did not so provide, and for the reasons above suggested could not. There are also statements in one of the letters from said attorney, attached to said affidavit, that upon the trial of the action the attorney for Mrs. Meht stated that the bill of sale would be disregarded, and that the learned justice presiding at the trial of this action stated that the conveyance was fraudulent. Whatever the fact may be, there is no adjudication to this effect, and it appears without dispute that Mrs. Meht, holding the title to all the real property, except a piece thereof which has been sold under foreclosure of a mortgage, and in possession of the personal property, declines to surrender the same to the receiver.

[3] The receiver in this case is a common-law receiver, appointed by the court, in pursuance of its equitable powers, to hold the assets of the partnership and dispose of them as the court shall direct. Bogert v. Turner, 135 App. Div. 530, 120 N. Y. Supp. 420. All that the firm of Hanbury & Flinn had when the judgment in this action was entered was a cause of action against Mrs. Meht to set aside such conveyances. That is all that the receiver has. The receiver has consented, provided permission can be obtained from the court, to begin actions to set aside such conveyances, upon being given proper indemnity for the costs and expenses thereof. In view of the fact that his actual and necessary disbursements at the present time exceed in amount anything that he has realized from the assets of the concern, or is likely to realize, his position in requiring indemnity before beginning such actions is perfectly justifiable. He may, it is true, offer for sale as part of the assets of the partnership the cause

of action above referred to. It does not appear that he has refused to do this, nor that the plaintiff desires that he should. He certainly cannot be expected, at his own expense and without further evidence of the fraudulent character of the conveyances than is here disclosed, to embark upon a hazardous litigation.

[4] The order was improperly made, but respondent contends that the appellant is not a party aggrieved, but is a stranger to the litigation. A receiver regularly appointed, whose removal is sought upon the ground of incompetency or lack of integrity, may appear and be heard in his own defense. Bruns v. Stewart Manufacturing Co., 31 Hun, 195. Not only does the order in this case fail to protect the receiver against the expense which he has incurred, but, if permitted to stand, is a reflection either upon his competency or integrity, or both.

We think, therefore, that he has an undoubted right to review the action of the court at Special Term in removing him, and that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.