**UNITED STATES of America,**
**Plaintiff,**

v.

**Fred CRANOR, and J. Roy Love, Jr., Individually, and Fred Cranor and J. Roy Love, Jr., Partners d/b/a Love-Cranor, a partnership, Defendants.**

**No. IP 64-C-133.**

United States District Court
S. D. Indiana,
Indianapolis Division.

Jan. 21, 1966.

Richard P. Stein, U. S. Atty., and James R. Thornton, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff.

Barnes, Hickam, Pantzer & Boyd, by William P. Wooden, Indianapolis, Ind., for defendant Love.

No appearance for defendant Cranor, and Cranor was defaulted.

DILLIN, District Judge.

This cause was initiated by the Government on March 12, 1964, against Fred Cranor and J. Roy Love, Jr., as individuals, and as partners doing business as Love-Cranor, a partnership, for the collection of certain taxes assessed against the partnership and said individuals in 1948 and 1949. The individuals constituted all of the members of the partnership.

The partnership was dissolved by order of the Superior Court of Delaware Coun-

ty, Indiana on April 8, 1949, and at the same time a receiver was appointed to take charge of its assets and dispose of the same under the direction of the Court. The receivership was not finally closed until October 4, 1958, at which time the successor receiver was discharged. No assets of the partnership remained for distribution at such time, and general creditors of the partnership never received any payment on their claims. The Government filed its claim for the same taxes here involved, which claim was allowed as a priority claim in the amount of $8,558.20. A pro rata payment of $642.73 was made by the receiver on such claim. The individuals made no contribution to the receiver, and the only assets administered upon by him were partnership assets.

Following the filing of the cause here under consideration, the defendant Fred Cranor was duly served with process, but made no appearance. On motion of the Government, the clerk entered his default and likewise entered default judgment against him in the sum of $10,-416.09 and costs, the full amount claimed to August 31, 1964, the date of the judgment, all pursuant to Rule 55, subsections (a) and (b) (1), F.R.Civ.P. The judgment, in the form prepared by the Government, was entered against "Fred Cranor, individually and Fred Cranor as a partner of the partnership Love-Cranor." This judgment, in our opinion, is simply a judgment against Fred Cranor; the language "and Fred Cranor as a partner of the partnership Love-Cranor" is merely *descripto personae* and hence surplusage, as such purported judgment obviously does not run against the partnership as such.

The defendant J. Roy Love, Jr., by way of answer, filed three defenses. The second defense pleads the six year statute of limitations, as set out in Section 6502 of the Internal Revenue Code of 1954. On March 12, 1965, a pre-trial conference was held, attended by counsel for the Government and for the defendant Love. At such conference it was stipulated by the parties that such statute is a bar to plaintiff's claim unless the receivership above mentioned prevented the running of the statute of limitations. The facts, as found and stated throughout this opinion to the extent deemed material, were stipulated and the case submitted for finding and judgment on the basis of such stipulation and briefs.

■ The section of statute relied upon by the Government is Section 6503(b) of the 1954 Internal Revenue Code, which reads in applicable part as follows:

"The period of limitations on collection after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer * * * are in the control or custody of the court in any proceeding before any court * * * of any State * * *, and for 6 months thereafter."

"The taxpayer" in the context of the above statute must be taken to mean the partnership, as such. The taxes assessed were for income taxes withheld from wages of employees of the partnership, for unemployment taxes, and for taxes imposed and withheld pursuant to the Federal Insurance Contributions Act, all of which were primarily obligations of the partnership enterprise. Since the partnership assets were in the hands of a state court receiver until October 4, 1958, a suit against the partnership entity pursuant to Rule 17(b), F.R.Civ.P. might well have been timely.

■ However, we are not called upon to determine this question, as the Government, by its actions herein, has clearly elected to pursue the partners as individuals. Not only has it elected to take judgment against Cranor in his individual capacity, as aforesaid, but it has stipulated with the defendant Love that his defense of the statute of limitations is well taken unless the receivership, which was of partnership assets only, tolled the statute as to him. We hold that such stipulation should be, and is binding upon the Government as to this particular case.

■ In its brief, the Government quotes extensively from certain sections

of the Indiana Uniform Partnership Act. This reliance is ill-founded, as the act in question did not become the law in Indiana until January 1, 1950. Since all of the assessments which form the basis of the claim were made prior to that time, the substantive law of partnership governing this case must be taken to be the law of Indiana as it existed prior to the effective date of such act.

 Whatever may be the law of Indiana subsequent to the passage of the Uniform Partnership Act, which again we are not required to determine, it is clear that at the time the assessments were made all partners were personally, jointly and severally liable for the payment thereof. Lindley v. Seward, (1937), 103 Ind.App. 600, 5 N.E.2d 998, reh. den. 103 Ind.App. 600, 8 N.E.2d 119. The partnership was not a legal entity distinct from, and independent of, the persons composing it, Lewis v. Joseph Hartley & Sons Co., (1949), 119 Ind. App. 468, 83 N.E.2d 438, and had no legal existence apart from the members composing it with reference to the rights of third persons. Maple v. Seaboard Sur. Co., (1947), 117 Ind.App. 627, 73 N.E.2d 80. Receivers in Indiana could not be appointed in Indiana for partnerships, but only to take charge of partnership property. Kist v. Coughlin, (1936), 210 Ind. 622, 1 N.E.2d 602, 4 N.E.2d 533. This was all that was done by the receiver appointed by the Superior Court of Delaware County.

The individual assets of the partners were never in the hands of the receiver. Their liability was direct and primary. In re Bernstein, 7 Cir. (1952), 197 F.2d 378. Therefore, the appointment of a receiver for partnership assets would not have stayed action against the members of the partnership for the recovery of the debts owed the Government, and it has been so held. Bogert v. Turner, (1909), 135 App.Div. 530, 120 N.Y.S. 420.

The six year statute was not tolled as to the defendant Love, and his

second defense is therefore valid and effective, and entitles him to judgment herein. The Clerk will prepare an appropriate judgment in accordance herewith.