In re Timothy J. RASSI, Debtor.

UNITED STATES of America, acting Through the INTERNAL REVENUE SERVICE, Plaintiff,

v.

Timothy J. RASSI, Defendant.

Timothy J. RASSI, Plaintiff,

v.

UNITED STATES of America, acting Through the INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 181–00723.
Adv. Nos. 91–8210, 91–8195.

United States Bankruptcy Court,
C.D. Illinois.

May 15, 1992.

Gary T. Rafool, Peoria, Ill., for Rassi.

Douglas W. Snoeynbos, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

Gerard Brost, Asst. U.S. Atty., Peoria, Ill., for U.S.

OPINION

WILLIAM V. ALTENBERGER,
Bankruptcy Judge.

Before the Court are motions filed by the Internal Revenue Service to dismiss the complaint filed by the Debtor, Timothy J. Rassi, to determine the dischargeability of his income taxes for the years 1978, 1979, and 1980 and to enjoin the Internal Revenue Service from collecting those taxes. By agreement of the parties, a companion adversary proceeding filed by the Internal Revenue Service, Adv. No. 91–8210, objecting to the dischargeability of the taxes, is to be decided with this case.

More than a decade ago, on July 28, 1981, an involuntary petition was filed against the Debtor and his spouse. Several months later the Bankruptcy Court

granted the Debtors' motion to dismiss the petition. On appeal, the District Court affirmed, but on February 18, 1983, the Seventh Circuit Court of Appeals remanded the case. *In re Rassi*, 701 F.2d 627 (7th Cir.1983). During that interim, assessments for individual income taxes for 1978 and 1979 were made on September 20, 1982, and an assessment for individual income taxes for tax year 1980 was made on July 26, 1982. On August 6, 1984, the Chapter 7 case was converted to one under Chapter 11. A plan was confirmed on October 28, 1985. On October 27, 1986, the case was reconverted to Chapter 7, on the Debtor's motion, after the filing of a motion to dismiss by a creditor. The Debtor received a discharge on April 29, 1987.

The Debtor, focusing on the date the case was converted to Chapter 11, argues that on that date the taxes for the years 1978, 1979, and 1980 were more than three years past due and had been assessed more than 240 days, and were thus dischargeable under sections 523(a)(1)(A) and 507(a)(7) of the Bankruptcy Code. The Internal Revenue Service contends that the appropriate date to consider for the "filing of the petition" under section 523(a) is July 28, 1981, the date the involuntary petition under Chapter 7 was filed. This Court agrees with the Internal Revenue Service.

■ In *Matter of Cross*, 119 B.R. 652 (W.D.Wis.1990), the district court was faced with the issue of whether the conversion of the debtor's bankruptcy case from Chapter 11 to Chapter 7 after more than three years rendered the Debtor's 1983 income tax liability a dischargeable debt. Beginning with the four separate sections of the Bankruptcy Code that were involved, the court stated:

Section 348. Effect of conversion.

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the

petition, the commencement of the case, or the order for relief.

(b) unless the court for cause orders otherwise, in sections ... 727(b) ... of this title, "the order for relief under this chapter" in a chapter to which a case has been converted under section 706, 1112, 1307, or 1208 of this title means the conversion of such case in such chapter.

\* \* \* \* \* \*

Section 727. Discharge.

(b). Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter ...

\* \* \* \* \* \*

Section 523. Exception to discharge.

(a). A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section ... 507(a)(7) ...

\* \* \* \* \* \*

Section 507. Priorities.

(a) The following expenses and claims shall have priority in the following order:

. . . . .

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

Having carefully reviewed the sections above the Court concludes that the Bankruptcy Court erred in finding these statutes to be ambiguous. Because the statutes are susceptible to only one interpretation it was unnecessary to consult legislative history to assist in their interpretation. Specifically, the Court believes that the following interpretation is the

only reasonable one which can be derived from the combination of the bankruptcy sections cited above.

The Court begins with section 727 which provides for the discharge of debts in a Chapter 7 case. Section 727(b) unmistakably excepts from its coverage those debts excepted by section 523. Section 523(a) provides that taxes which are accorded a preference under section 507(a)(7) are nondischargeable. Section 507(a)(7) affords a preference to income taxes for which a return was last due after three years before the date of the "filing of the petition."

The final step in the process is to determine whether the phrase "the filing of the petition" in section 507(a)(7) refers to the filing of the initial Chapter 11 petition or the conversion from Chapter 11 to Chapter 7. Section 348(a) leaves no doubt that the meaning of the term "filing of the petition" is the filing of the original Chapter 11 petition. Since the filing of the Chapter 11 petition was less than three years after the due date of the return the debt is nondischargeable. The effect of these provisions is to preserve the priority status of taxes incurred within three years of the filing of the initial Chapter 11 petition.

Section 348(b), since it does not refer to either section 507 or section 523, is not applicable in the analysis. Although section 348(b) does apply generally to the discharge provisions of section 727 its application is expressly excluded from the determination of exceptions to discharge by the first phrase of section 727(b). Section 348(b) renders dischargeable debts that were incurred during the administration of the Chapter 11 case, however it has no effect on the status of debts which were nondischargeable in the Chapter 11 case.

The only other court that has directly considered the issue interpreted these sections in the same manner. *Roth v. United States*, 89–1 USTC par. 9302, 1988 WL 161286 (Bankr.D.Neb.1988). In *Roth* the Court also found that the statutes were unambiguous. It noted that a contrary interpretation would permit the debtor to manipulate the dischargeability of debts through conversion.

This Court agrees with the reasoning of the court in *Matter of Cross*. The result reached in that case applies here, even though the Debtor's Chapter 11 case was initiated by the filing of an involuntary petition against the Debtor under Chapter 7, and involved two conversions rather than only one. Reconverted cases are not uncontemplated by the Code,[1] and are not subject to a different rule. This is the result mandated by the Bankruptcy Code. That a great length of time has passed between the original involuntary Chapter 7 petition and the conversion of the Chapter 11 case to a Chapter 7 case does not cause a change in the rule. For the rule is the same no matter how long the case languishes or how it evolves in the bankruptcy court as long as it the same case. Moreover, had the Debtor's Chapter 11 case been dismissed as requested by the creditor and had the Debtor immediately filed a new Chapter 7 case, the result would have been the same. Under section 727(a)(8), the Debtor is granted a discharge unless the debtor has been granted a discharge in a Chapter 11 case commenced within six years before the date of the filing of the petition in the second case.

■ The Debtor also contends that the Internal Revenue Service is barred from collecting the 1978, 1979 and 1980 taxes by the statute of limitations and seeks an injunction against it. The Debtor maintains that the taxes are barred by the statute of limitations. The IRS has moved to dismiss this Count of the Debtor's complaint, contending that the Debtor's request for an injunction is barred by the Tax Anti–Injunction Act, 26 U.S.C. section 7421. That act provides, in pertinent part that

[N]o suit for the purpose of restraining the assessment or collection of any tax

---

1. Under Rule 1019(3) where a Chapter 7 case is converted to another chapter and back again, and the time for filing claims or dischargeabili-ty complaints expired in the original Chapter 7 case, the time for filing claims or complaints is not extended by a new bar date.

shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The purpose of the Act was explained by the court in *Tomasello v. United States*, 81–2 U.S.Tax Cas.Par. 9510, 48 A.F.T.R.2d 5388, 1981 WL 1824:

> The purpose of section 7421 is to permit the United States to assess and collect taxes alleged to be due free from judicial interference and to require that the government's right to receive such taxes be resolved in a suit for a refund. *Enochs v. Williams Packing Co.*, 370 U.S. 1, 7 [82 S.Ct. 1125, 1129, 8 L.Ed.2d 292] (1962). A taxpayer's maintenance of a suit to enjoin the collection of taxes would effectively suspend such collection until the litigation has been concluded. *Id.*, at 8 [82 S.Ct. at 1129]. Section 7421 therefore renders courts powerless to grant injunctive relief against the government's assessment and collection of taxes. (Citations omitted.) The government is thereby "assured of prompt collection of its lawful revenue." *Enochs v. Williams Packing Co.*, supra, at 7 [82 S.Ct. at 1129].

The taxpayer in *Tomasello*, like the Debtor in the present case, urged that the exception carved out in *Enochs v. Williams Packing Co.*, applied. The court summarized that exception as follows:

> [A] court's jurisdiction over a taxpayers' suit for injunctive relief must be determined by a cursory examination of the merits of the government's claim for taxes. If it is clear that the government's claim is totally without foundation, the court may exercise jurisdiction over the action. However, if the government's claim has at least some legal and factual support, the court is barred from acting, even if it appears that the taxpayer may ultimately prevail on the merits.

It is the Debtor's position that the Internal Revenue Service will not prevail because the taxes are barred by the statute of limitations. The Internal Revenue Service disputes the Debtor's computation of the running of the statute of limitations. Both parties, quite mistakenly, believe that a six-year statute of limitations applies. The amendment to section 6502, which was merely noted by the Debtor, was reviewed and applied by the court in *In re Dakota Industries, Inc.*, 131 B.R. 437 (Bkrtcy. D.S.D.1991):

> The federal tax collection statute of limitations, in pertinent part, reads:
>
> (a) LENGTH OF PERIOD—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
>
> (1) within 10 years after the assessment of the tax,
>
> \*    \*    \*    \*    \*    \*
>
> Prior to November, 1990, 26 U.S.C. section 6502(a)'s 10-year collection period bore a six-year time frame. P.L. 101–508, section 11317(a)(a). P.L. 101–508's amendment to 26 U.S.C. section 6502(a) includes a relevant time of:
>
> (c) EFFECTIVE DATE—The amendments made by this section shall apply to—
>
> (1) taxes assessed after the date of the enactment of this Act, and
>
> (2) taxes assessed on or before such date if the period specified in section 6502 of the Internal Revenue Code of 1986 (determined without regard to the amendments made by subsection (a)) for collection of such taxes has not expired as of such date.
>
> P.L. 101–508, section 11317(c).
>
> The Court interprets the preceding statement to mean that, if the tax would be discharged as computed by a six-year period as of the effective November, 190, date, the tax is subject to the six-year rule; otherwise, such a tax is subject to a 10-year period.[2]

As the court in *In re Dakota Industries, Inc.*, noted, the statute of limitations is tolled during the pendency of a bankruptcy case and for six months thereafter. 26

---

**2.** The actual effective date of Pub.L. 101–508    was Nov. 5, 1990.

U.S.C. section 6503(h).[3] The running of the period is tolled by the filing of an involuntary petition. *Gens v. U.S.*, 222 Ct.Cl. 407, 615 F.2d 1335 (1980).

Thus, if the six-year period had not expired by November 5, 1990, then a ten-year statute of limitations applies. The court calculates the time period as follows:

### 1978 and 1979 Taxes

| | | |
|---|---|---|
| Sept. 20, 1982 | Taxes assessed | |
| Feb. 18, 1983 | Case remanded | |
| | 9–20–82— 2–18–83 = | 151 days |
| Oct. 28, 1985 | Plan confirmed | |
| Oct. 27, 1986 | Chapter 11 converted | |
| | 10–28–85—10–27–86 = | 1 year |
| April 29, 1987 | Chapter 7 Discharge (extended by six months) | |
| | 10–29–87—11–5–90 | 3 years, 7 days |
| | TOTAL | 4 years, 158 days |

### 1980 Taxes

| | | |
|---|---|---|
| July 25, 1982 | Taxes assessed | |
| Feb. 18, 1983 | Case remanded | |
| | 7–26–82— 2–18–83 = | 187 days |
| Oct. 28, 1985 | Plan confirmed | |
| Oct. 27, 1986 | Chapter 11 converted | |
| | 10–28–85—10–27–86 = | 1 year |
| April 29, 1987 | Chapter 7 Discharge (extended by six months) | |
| | 10–29–87—11–5–90 | 3 years, 7 days |
| | TOTAL | 4 years, 194 days |

Accordingly, the six-year statute of limitations had not expired on November 5, 1990. The applicable statute of limitations is then ten years, and the Internal Revenue Service is not barred from collecting the 1978, 1979 and 1980 income taxes and the Debtor's complaint for injunctive relief must be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure. See written Order.

### ORDER

For the reasons set forth in the Opinion entered this day;

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That the Debtor's liability for income taxes for calendar years 1978, 1979 and 1980 is declared to be NOT DISCHARGED.

2. That the Motion, filed by the Internal Revenue Service in Adv. No. 91–8195, to dismiss Count II of the Debtor's complaint seeking injunctive relief, is GRANTED.

3. Section 6503(h) provides:
   *Cases under title 11 of the United States Code.*—The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—
   (1) for assessment, 60 days thereafter, and
   (2) for collection, 6 months thereafter.