**Liane B. FOUTZ, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 93–C–1011W.**

United States District Court,
for D. Utah,
Central Division.

June 13, 1994.

Barrie G. McKay, McKay, Burton & Thurman, Salt Lake City, UT, for plaintiff.

Kirk C. Lusty, Sp. Asst. U.S. Atty., Dept. of Justice, Tax Div., Washington, DC, for defendant.

*ORDER GRANTING AND DENYING MOTIONS FOR SUMMARY JUDGMENT*

WINDER, Chief Judge.

This matter is before the court on a motion for summary judgment filed by Plaintiff Liane B. Foutz ("Foutz") and a cross-motion for summary judgment filed by Defendant United States of America ("United States"). A hearing on both motions was held on June 1, 1994. At the hearing, Barrie G. McKay represented Foutz and Kirk C. Lusty represented the United States. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties relating to their cross-motions. The court had also read certain of the authorities cited by the parties. Following oral argument, and after taking the motions under advisement, the court has further considered the law and facts related to each motion. Also, the attorney for the United States has brought to the attention of the court an unpublished memorandum decision and order entered by the Honorable Dee Benson of this court on March 21, 1994 in *United States v. Simons, et al.*, Civil No. 92–C–1071B. Having now fully considered the issues in this case, and good cause appearing, the court enters the following memorandum decision and order.

## I. *BACKGROUND*

On October 6, 1983, the Internal Revenue Service ("IRS") assessed Plaintiff Liane Foutz and her now-deceased husband, Hal B. Foutz, with certain income taxes for the prior tax years 1966 through 1968.[1] The assess-

---

1. Because taxpayer Hal B. Foutz is now deceased, his wife Liane Foutz is the only taxpayer now involved in this case.

ment was made pursuant to a determination of the United States Tax Court entered on May 23, 1983 that the Foutz's had understated their gross income in excess of twenty-five percent in each of the aforementioned tax years in question.[2] Additional statutory interest continued to accrue on these amounts until the Foutz's paid the amount due to the IRS in full on February 7, 1992.[3]

Because of the October 6, 1983 assessment by the IRS against the Foutzes, the statute of limitation began to run on that day. Specifically, the relevant congressional statute of limitation in place at the time of the assessment provided that the IRS had to collect the assessed taxes by levy or court action within six years of the date of the assessment against the Foutzes or forever be barred. *See* 26 U.S.C. § 6502(a)(1) (1987) (pre-amendment version). Alternatively, the statute also provided that the IRS and the putative taxpayers could consensually waive the six-year limitation period mentioned above so long as the agreement was in writing and entered into prior to the expiration of the express six-year term established by section 6502(a)(1) of the statute. *Id.* § 6502(a)(2).[4]

Accordingly, because the IRS' assessment of the Foutzes for the tax years 1966 through 1968 occurred on October 6, 1983, the statutory six-year limitation period imposed by section 6502(a)(1) would have expired by its own terms on October 6, 1989. This did not occur however. Instead, on September 25, 1989, the Foutzes executed and signed an IRS Form 900, extending the statutory period for collecting the 1966, 1967, and 1968 taxes from October 6, 1989 until December 31, 1990 (the "Consensual Deadline"). Thus, pursuant to section 6502(a)(2), the IRS then had up to and including December 31, 1990 in which to collect the taxes assessed against the Foutzes.

Subsequently, on November 5, 1990,[5] Congress enacted the Omnibus Budget Reconciliation Act of 1990 ("1990 Act"). *See* Pub.L. No. 101–508, 104 Stat. 1388, 1388–458 (1990). Section 11317 of the 1990 Act amended the six-year statute of limitation for collection of assessed taxes under section 6502(a) of the Internal Revenue Code and replaced it with a ten-year limitation period instead. Section 11317(a) provides:

(a) IN GENERAL.—Subsection (a) of Section 6502 (relating to collection after assessment) is amended—

(1) by striking "6 years" in paragraph (1) and inserting "10 years," and

(2) by striking "6–year period" each place it appears in paragraph (2) and inserting "10–year period."

*Id.* § 11317(a). Moreover, Congress also provided guidance as to what assessments the new amendment applied to:

(c) EFFECTIVE DATE—The amendments made by this section shall apply to—

against the Foutzes, provided in relevant part as follows:

Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before the expiration of such 6–year period (or, if there is a release of levy under section 6343 after such 6–year period, then before such release).

---

2. The assessments were as follows:

| Tax Year | Assessed Amount | Item Assessed |
|---|---|---|
| 1966 | $ 1,305.95 | Tax |
|  | 65.30 | Negligence Penalty |
|  | 1,939.12 | Interest |
| 1967 | 1,125.10 | Tax |
|  | 56.26 | Negligence Penalty |
|  | 1,595.32 | Interest |
| 1968 | 9,785.90 | Tax |
|  | 489.30 | Negligence Penalty |
|  | 13,221.13 | Interest |

3. The IRS collected a total of $58,303.93 from the Foutz's between January 1, 1991 and February 7, 1992 on its assessment. This sum satisfied the Foutz's liability for tax years 1966, 1967, and 1968 in full.

4. Section 6502(a), the relevant statute of limitation in force at the time of the IRS assessment

5. This date was of course prior to the expiration of the December 31, 1990 Consensual Deadline established by the parties for collection.

(1) taxes assessed after the date of the enactment of this Act, and

(2) taxes assessed on or before such date if the period specified in section 6502 of the Internal Revenue Code of 1986 (determined without regard to the amendments made by subsection (a)) for collection of such taxes has not expired as of such date.

*Id.* § 11317(c). Thus, given the 1990 Act's amendment, the IRS now has up to ten years in which to collect taxes it has assessed against a putative taxpayer-provided the taxpayer falls within the effective date of the new statute. *See* 26 U.S.C.A. § 6502(a) (Supp.1994); *In re Dakota Indus., Inc.*, 131 B.R. 437, 440–42 (Bankr.D.S.D.1991).[6]

The December 31, 1990 Consensual Deadline then came to pass without the IRS taking action to collect on Foutz's tax liability. Soon thereafter, however, the IRS issued a levy against Foutz for her 1966, 1967, and 1968 tax liability, and eventually collected a total of $58,303.93 in back taxes, penalties, and accrued interest. That levy occurred on November 7, 1991, or some eleven months after the Consensual Deadline had expired. Two weeks later, on November 21, 1991, Foutz filed an IRS Form 843, requesting the IRS to release the levy on the ground that the IRS had not sought to collect her tax liability prior to the December 31, 1990 deadline set by the parties. The IRS refused, however, and continued the collection process. Finally, on July 2, 1992 and after paying the taxes to the IRS, Foutz filed

another IRS Form 843—this time requesting a refund of the taxes on the same ground. The IRS again refused, and Foutz filed suit in this court seeking a refund of the $58,-303.93 she previously had paid to the IRS, plus reimbursement for reasonable attorneys' fees under 26 U.S.C. § 7430.

The case at bar concerns the validity of the IRS's levy and collection of the $58,303.93 from Foutz after the December 31, 1990 Consensual Deadline had expired. Specifically, Foutz argues that the 1990 Act's amendment to the statute of limitation provision of 26 U.S.C. § 6502(a) (providing for a new ten-year statute of limitation in which to levy or sue) applies only if the amendment was enacted within the six-year window established by former section 6502(a)(1). Thus, Foutz argues that because this did not occur here and because the IRS began its collection process in this case after the expiration of the Consensual Deadline, the IRS should refund to Foutz the $58,303.93 that she previously paid the IRS.[7]

The United States, on the other hand, argues that the ten-year statute of limitation established by the 1990 Act's amendment to section 6502(a) clearly applies in this case because it was enacted before expiration of the party's Consensual Deadline of December 31, 1990.[8] Thus, the United States argues that because the 1990 Act's amendment to section 6502(a) applies in this case, the IRS had ten years from the date of assessment in which to begin collection proceedings against Foutz. Because the IRS indeed be-

**6.** Section 6502(a) currently provides:

Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 10 years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before the expiration of such 10–year period (or, if there is a release of levy under section 6343 after such 10–year period, then before such release).

**7.** Foutz did not argue below and does not argue now that the original 1983 IRS assessments for the tax years 1966, 1967, and 1968 were time barred under 26 U.S.C. § 6501.

Moreover, she would be unable to raise that issue now because, in pursuing a suit for a federal tax refund, a taxpayer may not raise different issues than those she first brought before the Internal Revenue Service. *See, e.g., Magnone v. United States*, 902 F.2d 192, 193 (2d Cir.), *cert. denied*, 498 U.S. 853, 111 S.Ct. 147, 112 L.Ed.2d 113 (1990) (per curiam); *Boyd v. United States*, 762 F.2d 1369, 1371–72 (9th Cir.1985).

**8.** In effect, the United States argues that the ten-year statute of limitation applies to all cases where, on the date of enactment of the 1990 Act (November 5, 1990), either (1) the six-year limitation period established by section 6502(a)(1) for collection had not expired, or (2) a consensual extension entered into pursuant to section 6502(a)(2) had not expired.

gan collection against Foutz within that ten-year window, the United States argues, Foutz's claim for a refund should be dismissed.[9]

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court must construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir.1991).

Once the moving party has carried its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Gonzales v. Millers Casualty Ins. Co.*, 923 F.2d 1417, 1419 (10th Cir.1991).[10] The non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

◼ In considering whether there exist genuine issues of material fact, the court does not weigh the evidence but instead inquires whether a reasonable jury, faced with the evidence presented, could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991).[11] Finally, all material facts asserted by the moving party shall be deemed admitted unless specifically controverted by the opposing party. D.Utah R. 202(b)(4).

## III. DISCUSSION

◼ In addressing the merits of this case, the court is guided by several rules of statutory construction applicable to tax statutes like the one at issue. First, because the Internal Revenue Code details a technical body of law, where "the statute's language is plain, 'the sole function of the court is to enforce it by its terms.' " *United States v. Ron Pair Enters., Inc.* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (citing *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)). Accordingly, this court must apply the plain language of section 11317, if possible, in deciding whether Foutz or the United States is correct in their arguments regarding the applicability of that provision to the tax assessment in this case. *See id.*

◼ Second, the Congress has broad power to lay and collect income taxes and may enact any necessary laws in order to execute that power. *See Baird v. Comm'r,* 256 F.2d 918, 921 (7th Cir.1958), *aff'd,* 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360 (1959); *see generally* U.S. Const. art. I, § 8, cl. 1 (power to lay and collect taxes); U.S. Const. amend. XVI (power to tax income); U.S. Const. art. I, § 8, cl. 18 (power to enact necessary and proper laws to carry out congressional powers). Such power necessarily includes the right to prescribe the time and manner in which the taxes will be collected and paid. *Richcreek v. Grecu,* 612 F.Supp. 111, 114 (S.D.Ind.1985). Indeed, where Con-

---

**9.** The IRS assessed the Foutzes on October 6, 1983. Thus, if the United States' argument is correct and the ten-year rule does apply in this case, the November 7, 1991 levy against Foutz would clearly not be time-barred under the new section 6502(a).

**10.** The summary judgment motion may be "opposed by any of the kinds of evidentiary materi-als listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553.

**11.** "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." *Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. at 2512.

gress has not enacted an applicable statute of limitation for collecting income taxes, the government may bring its action "at any time." *United States v. City of Palm Beach Gardens,* 635 F.2d 337, 341 (5th Cir.), *cert. denied,* 454 U.S. 1081, 102 S.Ct. 635, 70 L.Ed.2d 615 (1981); *see also Sage v. United States,* 908 F.2d 18, 24 (5th Cir.1990) (holding that the United States is not subject to any statute of limitation unless Congress has explicitly provided otherwise); *United States v. Tri-No Enters., Inc.,* 819 F.2d 154, 158 (7th Cir.1987) (same). Accordingly, in deciding whether the 1990 Act's amendment to section 6502(a) applies in the case at bar, this court is guided by the rule that the amendment must be strictly construed in favor of the government and against Ms. Foutz, the putative taxpayer. *See, e.g., Badaracco v. Comm'r,* 464 U.S. 386, 392, 104 S.Ct. 756, 761, 78 L.Ed.2d 549 (1984); *Lucia v. United States,* 474 F.2d 565, 570 (5th Cir.1973).

■ Turning to the merits of each party's argument, the undisputed facts show that Congress enacted section 11317 of the 1990 Act on November 5, 1990. *See* Pub.L. No. 101–508, 104 Stat. 1388–458 (1990). Thus, section 11317 was enacted *after* former section 6502(a)(1)'s six-year period for collection had expired in this case (October 6, 1989) but *before* the December 31, 1990 Consensual Deadline that the Secretary and the Foutzes had agreed to pursuant to section 6502(a)(2).

Section 11317, as stated above, amends section 6502(a) of the Internal Revenue Code by replacing the six-year statute of limitation for collection on assessments with a ten-year statute of limitation. *Id.* § 11317(a). The section 11317 amendment applies to:

(1) taxes assessed after the date of the enactment of this Act [November 5, 1990], and

(2) taxes assessed on or before such date [November 5, 1990] if the period specified

in section 6502 of the Internal Revenue Code of 1986 (determined without regard to the amendments made by subsection (a)) for collection of such taxes has not expired as of such date [November 5, 1990].

*Id.* § 11317(c). Thus, the crux of the dispute at bar is whether section 11317 made the ten-year limitation period on collection applicable to those taxes assessed against the Foutzes in October of 1983.[12] Foutz argues that it does not, and that the IRS's levy against her was time-barred pursuant to the party's Consensual Deadline. Specifically, she contends that the ten-year limitation period established by section 11317 applies *only if* the time for collecting taxes under the six-year rule established by former section 6502(a)(1) had not yet expired at the time that the amendment was enacted. Because that six-year period had admittedly expired in this case, Foutz argues, she is entitled to a refund of the $58,303.93 that the IRS collected against her *after* the December 31, 1990 Consensual Deadline.

The United States, on the other hand, argues that the ten-year limitation period for collection established by section 11317 does apply in this case. Specifically, the United States argues that section 11317's amendment to section 6502(a) applies if *either* of two different situations exist: (1) the amendment was enacted within the six-year limitation period provided by former section 6502(a)(1);[13] *or* (2) the amendment was enacted prior to the expiration of any consensual extension entered into by the parties pursuant to former section 6502(a)(2). Because the section 11317 amendment was enacted over a month *prior* to expiration of the December 31, 1990 Consensual Deadline, the United States argues, its November 7, 1991 levy against Foutz clearly occurred within the ten-year limitation period established by the amendment and was therefore lawful.[14]

---

**12.** Neither party contends that the ten-year rule is applicable via section 11317(c)(1) of the amendment. The reason is obvious—the IRS assessed the Foutzes in October of 1983, or some *seven* years before enactment of the section 11317 amendment to section 6502(a).

**13.** The United States admits, however, that in this case section 11317 was enacted after the six-

year period for collection established by former section 6502(a) had expired and that therefore this provision cannot apply.

**14.** The United States contends that because the ten-year limitation period applies here, it had until October 6, 1993—or ten years to the day after it assessed the Foutzes for the tax years in question—in which to levy or sue for collection.

This court agrees with the United States' reading of section 11317. As noted above, this court must apply the plain meaning of taxing statutes when interpreting their meaning. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). The ten-year limitation period established by section 11317 applies to all cases where "the period specified in section 6502" had not expired on the day the amendment was enacted. Foutz would have this court read the phrase "the period specified in 6502" as meaning that "the amendment does not include agreed extensions" under subsection 6502(a)(2). *See* Plaintiff's Mot.Summ.J. ¶ 9. Yet Congress did not restrict the amendment's applicability to "the period specified in subsection 6502(a)(1)," but instead applied the amendment to "the period specified in section 6502" in its entirety. This language plainly and clearly included both the statutory limitation period under section 6502(a)(1) *and also* consensual extensions under section 6502(a)(2). Therefore, Foutz's assertion that section 11317 does not apply to consensual extensions cannot be sustained. *See In re Dakota Indus., Inc.*, 131 B.R. 437, 442 (Bankr.D.S.D. 1991) (holding that section 11317's "plain language on 26 U.S.C. § 6502's amendment renders *all taxes* which have not expired as of November, 1990, subject to the 10–year period.") (emphasis added).[15]

Accordingly, because the period for collection of the Foutz's taxes had not expired as of November 5, 1990, the amended section 6502(a) with its ten-year statute of limitation applied in this case.[16] This gave the IRS up to and including October 6, 1993 in which to levy on the assessment. Because the IRS levied in this case in January of 1991 (or over two years before the ten-year limitation period expired), its levy was not time-barred under 26 U.S.C. § 6502(a). Foutz is therefore not entitled to a refund of taxes she previously paid to the IRS, nor is she entitled to an award of reasonable attorneys' fees under 26 U.S.C. § 7430. Foutz's motion for summary judgment therefore is denied, and the United States' cross-motion for summary judgment is hereby granted.[17]

## ORDER

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Foutz's motion for summary judgment is denied, including Foutz's request for an allowance of attorneys' fees under 26 U.S.C. § 7430.

2. The United States' motion for summary judgment to dismiss Foutz's complaint with prejudice is granted, and the United States is awarded its costs.

---

**15.** Indeed, if anyone has misconstrued the "plain meaning" of the amendment in this case it is Ms. Foutz, who erroneously substitutes the term "statute of limitation" for the term "the period specified in section 6502" to reach her conclusion that the amendment does not cover her agreed extension with the IRS. *See* Plaintiff's Mot.Summ.J. ¶ 9.

**16.** Section 11317 was enacted on November 5, 1990, or some *56 days* prior to the December 31, 1990 Consensual Deadline established by the parties.

**17.** This result also is consistent with two other reported cases that have addressed section 11317's amendment to the statute of limitation provision of section 6502(a). *See In re Rassi*, 140 B.R. 490, 492–94 (Bankr.C.D.Ill.1992) (holding that the ten-year limitation period applies if, on the day section 11317 was enacted, the six-year period for collection had been suspended due to an involuntary petition in bankruptcy, regardless of whether the six-year period would have expired absent the petition); *In re Dakota Indus., Inc.*, 131 B.R. 437, 442 (Bankr.D.S.D.1991) ("Dakota's Chapter 11 filings suspended the tax collection statute of limitations from 1980 through the present time.... In November, 1990, the time the collection statute went from six to 10 years, *Dakota was in bankruptcy, so no tax debt expired under the six-year rule.*") (emphasis added).