**UNITED STATES of America, Plaintiff,**

**v.**

**Daniel A. WRIGHT, Lois W. Wright, Robinson Construction, Romona Quarry and Bloomington Asphalt Co., Inc., Defendants.**

**No. IP 93–1402 C.**

United States District Court, S.D. Indiana, Indianapolis Division.

July 15, 1994.

Duane R. Denton and Mary H. Watts, Bingham Summers Welsh & Spilman, Indianapolis, IN, for defendants.

## ENTRY AND ORDER

STECKLER, District Judge.

This matter is before the Court on the motion of defendants, Daniel A. Wright and Lois W. Wright ("Dan and Lois Wright"), for partial summary judgment pursuant to Fed. R.Civ.P. 56(c). Having reviewed the motion and considered the supporting and opposing memoranda of law, the Court concludes that the motion should be granted. The following discussion constitutes the Court's findings of fact and conclusions of law.

### I. Background

Except where indicated, the material facts are undisputed; instead, the parties contest the legal conclusions to be drawn from those facts.

On September 6, 1982, the plaintiff made an assessment totalling $45,408.92 against *inter alia,* Daniel and Lois Wright[1] as partners[2] of Empire Wood Company ("Empire Wood"), a general partnership, for unpaid income and employment taxes of the partnership respecting the second quarter of 1982. *See* Complaint at ¶ 8. On January 31, 1983, the plaintiff made another assessment totalling $36,640.42 against Daniel and Lois Wright for unpaid income and employment taxes of Empire Wood respecting the third quarter of 1982. *See* Complaint at ¶ 9. On October 31, 1983, the plaintiff made an additional assessment totalling $2,303.98 against Daniel and Lois Wright as partners of Empire Wood for unpaid income and employment taxes respecting the third quarter of 1982. *See* Complaint at ¶ 9. In all, there remained due and owing the United States the sum of $84,353.32 for the unpaid taxes asserted in paragraphs eight and nine of the complaint.[3]

Thomas E. Kieper, Deputy U.S. Atty., U.S. Attorney's Office, Indianapolis, IN and Douglas W. Snoeyenbos, U.S. Dept. of Justice, Tax Div., Washington, DC, for plaintiff.

1. The United States asserts that the assessments were levied against the partnership only and not against any of the partners individually. For reasons that will be made clear below, this dispute is not material to the resolution of the instant motion.

2. Although the defendants dispute that they were, in fact, partners of Empire Wood after June 1981, the Court will presume that they were for purposes of the instant motion only.

3. In addition to the assessments described above, the United States issued three other assessments against Daniel and Lois Wright for various other unpaid taxes of Empire Wood which are not the subject of the current motion.

Despite notice of the assessments and demand for payment, Daniel and Lois Wright have not fully paid the assessed taxes. Empire Wood filed for bankruptcy protection under chapter 11 on July 23, 1982. Empire Wood's plan of reorganization was confirmed on February 7, 1984, and Empire made its last payment to the Internal Revenue Service under the plan on March 14, 1985. The payments did not fully satisfy any of the assessments. On October 15, 1993, the United States commenced this action against the Wrights as partners to collect the taxes assessed against the partnership. The Wrights have filed the instant motion for partial summary judgment seeking judgment on the allegations asserted in paragraphs eight and nine of the government's complaint.

## II. Analysis

The defendants argue that the United States is precluded from collecting the taxes asserted in paragraphs eight and nine of the complaint by the statute of limitations provided at 26 U.S.C. § 6502(a). Section 6502(a) sets forth the period within which the government may commence an action to collect a tax. That section provides in pertinent part:

**Length of period,**—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

 (1) within 10 years after the assessment of the tax, or

 (2) prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before the expiration of such 10–year period (or, if there is a release of levy under section 6343 after such 10–year period, then before such release).

The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable.

■ In 1990 Congress amended section 6502(a) to extend the federal tax collection statute of limitations from six to ten years. Pub.L. 101–508, § 11317(a)(1). The effective date of the amendment was November 5, 1990. Pub.L. 101–508, § 11317(c). The effective date provision has been construed to mean that collection of a tax is subject to the amended 10 year statute of limitations unless the prior six year limitations period expires before the effective date of the 1990 act. *In re Dakota Industries, Inc.,* 131 B.R. 437, 441 (Bankr.D.S.D.1991). In other words, six years is the applicable limitations period for the collection of assessments where said limitations period is deemed to have expired before November 5, 1990.

In the current case, the defendants contend that the six year limitations period is applicable because said limitations period had expired as of the effective date of the 1990 act. The Court agrees. Applying the six year period in the instant case, the government's ability to pursue a collection action on any of the assessments in question expired on September 6, 1988, January 31, 1989 and October 31, 1989, respectively, well before November 5, 1990.

■ In an effort to avoid this result, the government contends that the statute of limitations period was tolled during the period of Empire Wood's bankruptcy. Title 26 U.S.C. § 6503(h) addresses the suspension of the running of the statute of limitations on the assessment and collection of taxes. That section provides in pertinent part:

**Cases under title 11 of the United States Code.**—The running of the period of limitations provided in section 6501 or 6502 on the making of assessments of collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—

 (1) for assessment, 60 days thereafter, and

 (2) for collection, 6 months thereafter.

In this case, the government contends that the statute of limitations was suspended during the period that Empire Wood was in bankruptcy, from July of 1982 when the voluntary petition was filed until March 14, 1986, the date Empire Wood made its last payment to the I.R.S. under the plan of reorganization, and for six months thereafter to September 14, 1985. Moreover, the government alleges that because the prior six year period of limitations had not expired as of November 5, 1990 (September 14, 1991 to be precise), the amended 10 year period is applicable and permits it until September 14, 1995 to bring a timely collection action.

 The flaw in the government's argument is that it fails to distinguish between its authority to pursue a collection action against the taxpayer, Empire Wood, and its authority to pursue persons allegedly liable for the payment of the taxes of the taxpayer, here, Daniel and Lois Wright as alleged partners of Empire Wood. Up to this point, it has been implicitly recognized that as alleged partners in Empire Wood, Daniel and Lois Wright are liable for the debts and obligations of the partnership, including the tax liabilities at issue here. *Matter of Pappas,* 661 F.2d 82, 86 (7th Cir.1981). Section 6503(h) suspends the statute of limitations set forth in section 6502 for the period during which the government is prohibited by reason of a Chapter 11 bankruptcy action from pursuing a collection action. Pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy petition operates to stay actions and proceedings against the debtor and its property. If the government cannot collect from a debtor due to an existing stay, the statute of limitations is tolled until the stay is lifted and the subsequent time period expires. *See Brown v. United States,* 1992 WL 87920, 1992 U.S.Dist. LEXIS 22034 (D.Colo.1992); *Rassi v. U.S.,* 140 B.R. 490, 493–94 (Bankr.C.D.Ill. 1992). Thus, the statute of limitations on collections and assessments against Empire Wood was tolled during the period it was in bankruptcy between 1982, when the bankruptcy proceeding was commenced, and 1986, when the proceeding was concluded. Of course, the automatic stay only applies to property that is part of the bankruptcy estate; it does not operate to protect the property or assets of the individual partners. *Teachers Ins. & Annuity Ass'n of America v. Butler,* 803 F.2d 61, 65 (2nd Cir.1986) (stay of proceedings denied as to general partners of bankrupt partnership); *Lynch v. John–Mansville Sales Corp.,* 710 F.2d 1194, 1196 (6th Cir.1983) (*citing In re Aboussie Brothers Construction Co.,* 8 B.R. 302 (E.D.Mo. 1981) (stay denied to individual partners of bankrupt partnership) and *In re The Bank Center, Ltd.,* 15 B.R. 64 (Bankr.W.D.Pa.1981) (stay denied to partners of bankrupt partnership)). Thus, the automatic stay does not preclude a creditor of the partnership from seeking collection from the general partners of the partnership. *Id.* Accordingly, section 6503(h) did not toll the statute of limitations on collection and assessment against Daniel and Lois Wright.

This conclusion comports with the court's decision in *United States v. Cranor,* 253 F.Supp. 600 (S.D.Ind.1966). In that case, the United States brought a collection action against two individual partners to recover unpaid payroll taxes assessed against a partnership. The partnership had been dissolved and a receiver appointed to liquidate the assets of the partnership. When the receivership ultimately terminated, the assets of the partnership had been exhausted and general creditors, including the United States, never received any payments on their claims. The government elected to forgo a suit against the partnership for the unpaid taxes in favor of filing a collection suit against the partners as individuals. In response to the government's suit, one of the partners asserted that the six year statute of limitations set out in section 6502 precluded the government's claim. The parties stipulated that the government's claim against the partner was precluded unless the statute of limitations was suspended during the period that the partnership was in receivership. The court observed that the partner was personally, jointly and severally liable for the debts and obligations of the partnership, and further that the assets of the partner were never within the dominion of the receiver. The Court therefore concluded that the appointment of a receiver for partnership assets did not suspend the time within which the gov-

ernment could timely commence an action against the individual partners to collect the partnership's unpaid taxes. *Id.* at 603.

■ The Court finds this reasoning persuasive. Contrary to the government's assertion, although *Cranor* was decided before Indiana adopted the Uniform Partnership Act, said act still adheres to the common law principle that partners are jointly and severally liable in tort and jointly liable for all other debts and obligations of the partnership. *See* Ind.Code § 23–4–1–15. Moreover, as discussed above, the automatic stay which arose by virtue of Empire Wood's bankruptcy did not apply to protect the assets of the partners in Empire Wood. The government was free to pursue collection of Empire Wood's taxes against the general partners notwithstanding the automatic stay in bankruptcy. Because the government was not prohibited from pursuing collection efforts against the Wrights for Empire Woods' taxes, section 6503 did not suspend the running of the statute of limitations set out in section 6502. Accordingly, pursuant to section 6502 the government is precluded from pursuing its efforts to collect the unpaid taxes asserted in paragraphs eight and nine of its complaint against Daniel and Lois Wright.

### III. Conclusion

Accordingly, by reason of the foregoing, the Court hereby GRANTS the defendants' motion for partial summary judgment with respect to the allegations asserted in paragraphs eight and nine of the plaintiff's complaint.

IT IS SO ORDERED.